**LEWIS BRISBOIS BISGAARD & SMITH** LLP
DANIEL C. DECARLO, SB# 160307
   E-Mail: Dan.DeCarlo@lewisbrisbois.com
THOMAS S. KIDDE, SB# 61717
   E-Mail: Thomas.Kidde@lewisbrisbois.com
GRIFFEN J. THORNE, SB# 306152
   E-Mail: Griffen.Thorne@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs Harbor Breeze Corporation and L.A. Waterfront Cruises, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Harbor Breeze Corporation, a California corporation; and L.A. Waterfront Cruises, LLC, a California limited liability company, | CASE NO. |
| Plaintiffs, | **COMPLAINT FOR:** |
| vs. | (1) **FALSE ADVERTISING, LANHAM ACT § 43(A);**<br>(2) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 *ET AL.*; AND**<br>(3) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500 *ET AL.*** |
| Newport Landing Sportfishing, Inc., a California corporation; Davey's Locker Sportfishing, Inc., a California corporation; Ocean Explorer, Inc., a California corporation; Freelance Sportfishing, Inc., a California corporation; and DOES 1–10, | |
| Defendants. | **JURY TRIAL DEMANDED.**<br><br>Trial Date:      None Set |

## COMPLAINT

Plaintiffs Harbor Breeze Corporation ("Harbor Breeze") and L.A. Waterfront Cruises, LLC ("L.A. Waterfront Cruises"), by and through their undersigned attorneys, hereby make this Complaint as follows. This Complaint only seeks relief for acts occurring on or after January 1, 2015.

### INTRODUCTION

1.       This is a case of relentless, intentional, malicious, serial, and flagrant

1  false advertising designed to run Plaintiffs' (and all other competitors of
2  Defendants) entire businesses into the ground.   Plaintiffs and Defendants are
3  vigorous competitors in the whale watching and sportfishing industries despite that
4  they operate in geographically distinct areas in Southern California (Plaintiffs
5  operate only in Long Beach and San Pedro in Los Angeles, and Defendants operate
6  only in Newport Beach in Orange County).   Every single whale watching and
7  sportfishing company from San Diego to Santa Barbara is forced to vigorously
8  compete with Defendants for ticket sales, as a result of Defendants' online false
9  advertisements.

10      2.      Defendants are a series of commonly owned and operated companies
11  which have come together in a conspiracy and employ a sophisticated, multifaceted
12  scheme to mislead consumers both online and in person.   Defendants employ
13  hundreds, if not thousands, of websites in an effort to dominate Internet search
14  results and third-party vendors like Groupon.   Defendants' further falsely advertise
15  in print media and in person.

16      3.      Defendants make material false representations to unknowing
17  consumers about Defendants' location.   Defendants exploit a number of websites
18  that falsely represent that they offer cruises departing from every single major
19  harbor in Southern California.   This is false, as Defendants offer cruises departing
20  **only** from Newport Beach.   Defendants intend to lure in tourists who are unfamiliar
21  with California geography and who would otherwise book cruises with Defendants'
22  competitors, such as Plaintiffs, if the customers understood the actual location from
23  where Defendants' cruises actually depart.

24      4.      Another aspect of Defendants' scheme is to make material
25  misrepresentations to consumers about the price of a ticket for a cruise.   Defendants
26  advertise ticket prices online for as low as $9, in many cases with no representation
27  that any fees will be added on top of the advertised price.   In fact, Defendants
28  **always** charge additional, hidden fees from the price advertised, sometimes doing so

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6                                        2
_____
Harbor Breeze Corporation's Complaint

even after a ticket is purchased and a customer has no ability to obtain a refund. Once all additional, hidden fees are added into the price of a ticket, the price spikes by as much as 21% from the advertised price, and potentially more.

5.      Defendants also provide false information about the nature of the fees being charged.  Defendants always charge a "fuel surcharge," which they suggest bears a relation to sudden increases in the cost of fuel.  This is consistent with the commonly understood definition of a  "fuel surcharge."  *See Fuel Surcharge*, Bus. Dictionary,  http://www.businessdictionary.com/definition/fuel-surcharge.html  (last visited Sept. 15, 2017).  However, this fee has been consistently charged regardless of the ebb and flow of fuel costs and is therefore not a "fuel surcharge" at all. Instead, the "fuel surcharge" is just a deceptive charge designed to mislead consumers into mistakenly believing that the fees collected are not going simply to line Defendants' pockets, but are rather being imposed temporarily to blunt the impact of an increase in fuel costs.  Moreover, on information and belief, the money collected from these so-called "fuel surcharges" far exceeds the actual cost of the fuel to Defendants.

6.      Defendants also always charge a fee for what they call "wharfage." Defendants suggest that "wharfage" is a fee imposed upon Defendants for use of the docks from which the cruises depart.  On information and belief, this is false and the representation suggests to the ordinary consumer that this is a charge imposed upon Defendants by some third party such as the dock owner or the municipality only for use of the docks.   However, the Newport Beach Municipal Code specifically exempts whale watching and sportfishing cruises from marine taxes, and there is no sales or use tax on such ticket sales.  As such, and on information and belief, there is no per-passenger charge of any kind imposed upon Defendants for use of the docks or for customer departures.  On information and belief, the fee is used merely as another deceptive means to gain profit by misleading consumers into believing the fee is a compulsory tax or fee.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

7.      Defendants' false advertising is essentially designed to create the false impression in consumers' minds that a consumer (1) may purchase a ticket in any shore city in Southern California; and (2) that within those cities, there are several competitors for tickets around the $9–$16 range (in reality, each of these "competitors" is one of the commonly owned Defendants), whereas all other competitors who sell tickets in the $20 range and above are overpriced.

8.      Defendants' false advertising has caused serious damage to Plaintiffs, who receive calls nearly every day from upset customers demanding that Plaintiffs lower their ticket prices to match Defendants' prices.  To stay afloat, Plaintiffs have been forced to dramatically lower their ticket prices (in some cases to as low as $7.50 per ticket) and expend more than $10,000 per month on Google advertisements.   As the result of Defendants' unlawful, deceptive, and unfair conduct, Plaintiffs have been damaged in an amount to be proven at the time of trial.

## JURISDICTION AND VENUE

9.      Federal Subject matter jurisdiction is premised on the fact that this action arises in part under the Federal Lanham Act, 15 U.S.C. § 1051 *et seq.*

10.      This Court has federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).   The Court has supplemental jurisdiction over the California state law claims based upon 28 U.S.C. § 1367.

11.      Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c), and 1400(a), in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

12.      Plaintiff Harbor Breeze is a corporation organized and existing under the laws of the state of California with its principal place of business located at 22 Aquarium Way, Long Beach, California, 90802.

13.      Plaintiff L.A. Waterfront Cruises is a California limited liability corporation organized and existing under the laws of the state of California with its

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

4

Harbor Breeze Corporation's Complaint

1  principal place of business located at 1150 Nagoya Way, San Pedro, California,
2  90731.

3      14.    Defendant Newport Landing Sportfishing, Inc. ("Newport Landing") is
4  a corporation organized and existing under the laws of the state of California with its
5  principal place of business located at, on information and belief, 309 Palm Street,
6  Suite A, Newport Beach, California 92261.

7      15.    Defendant Davey's Locker Sportfishing, Inc. ("Davey's Locker") is a
8  corporation organized and existing under the laws of the state of California with its
9  principal place of business located at, on information and belief, 400 Main Street,
10  Balboa, California 92261.

11      16.    Defendant Ocean Explorer, Inc. ("Ocean Explorer") is a corporation
12  organized and existing under the laws of the state of California with its principal
13  place of business located at, on information and belief, 309 Palm Street, Unit A,
14  Balboa, California 92261.

15      17.    Defendant Freelance Sportfishing, Inc. ("Freelance") is a corporation
16  organized and existing under the laws of the state of California with its principal
17  place of business located at, on information and belief, 400 Main Street, Balboa,
18  California 92261.

19      18.    Defendants DOES 1 through 10, inclusive, are other parties not yet
20  identified who have engaged in one or more of the wrongful practices alleged
21  herein.  The true names, whether corporate, individual, or otherwise, of Defendants
22  DOES 1 through 10, inclusive, are presently unknown to the Plaintiffs, which
23  therefore sue said Defendants by such fictitious names, and will seek leave to amend
24  this Complaint to show their true names and capacities when the same have been
25  ascertained.

26      19.    Plaintiffs are informed and believe and thereon allege that at all times
27  relevant hereto, each of Defendants was the agent, affiliate, officer, director,
28  manager, principal, alter-ego, co-conspirator, and/or employee of the remaining

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Defendants and was at all times acting within the scope of such agency, affiliation,
2  alter-ego relationship, and/or employment; and actively participated in or
3  subsequently ratified and adopted, or both, each and all of the acts or conduct
4  alleged, with full knowledge of all the facts and circumstances, including, but not
5  limited to, full knowledge of each and every violation of Plaintiffs' rights and the
6  damages to Plaintiffs proximately caused thereby.  This is evidenced by, *inter alia*,
7  (1) the fact that Defendants are, on information and belief, commonly owned and
8  operated by Michael Thompson, James Watts, Pamela Watts, Donald Brockman,
9  and Thor Brisbin ("Brisbin"); (2) a number of Defendants, on information and
10 belief, operate at the same addresses; (3) Defendants, on information and belief,
11 commingle assets, including vessels; (4) that Freelance's "catch of the day" is
12 posted either regularly or sporadically on Davey's Locker's website; (5) that Ocean
13 Explorer cruises are advertised on Davey's Locker's website; and (6) that each of
14 Defendants' websites use virtually identical ticketing portals that were, on
15 information and belief, designed by Brisbin.  On information and belief, Defendants
16 operate as separate entities only to give customers the façade of competition.

17                              **SUMMARY OF FACTS**

18        20.   Captain Dan Salas ("Salas") formed a charter cruise business in the
19 early 1990s, which eventually became Harbor Breeze following Harbor Breeze's
20 2001 incorporation.  Salas has been in the marine industry since he was a teenager,
21 and has devoted his life to the sea.  Today, his company owns and operates eight
22 large vessels, and provides daily, year-round cruises departing from Long Beach
23 Harbor in Los Angeles County, California.  Harbor Breeze offers a variety of
24 different cruises, including short harbor cruises, whale watching cruises,
25 sportfishing cruises, and charter cruises, going as far as Orange County and Catalina
26 Island.  Harbor Breeze offers up to three different whale watching cruises or more
27 per day from Long Beach Harbor, in the morning, early afternoon, and late
28 afternoon.  Following the events alleged in this Complaint, Harbor Breeze has been

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  forced to significantly increase its advertising spending, including on the Internet.

2      21.    L.A. Waterfront Cruises was founded by Salas in 2015.  Like Harbor

3  Breeze, L.A. Waterfront Cruises offers whale watching and sportfishing cruises,

4  though L.A. Waterfront Cruises is primarily a sportfishing business.  L.A.

5  Waterfront Cruises offers its cruises out of San Pedro, California.  L.A. Waterfront

6  Cruises does not offer as many cruises per day as does Harbor Breeze.  L.A.

7  Waterfront Cruises has struggled to attract customers to its sportfishing business,

8  and has been virtually unable to operate that portion of the business on weekdays.

9      22.    Defendants provide whale watching, sportfishing, and charter cruises

10  departing **only** from Newport Beach Harbor in Orange County, California.  On

11  information and belief, a number of Defendants were once competitors, but are now

12  commonly owned and operated.  Though Defendants were each initially modestly

13  sized, Defendants have increased their cruises to as many as six cruises per day,

14  each.  On information and belief, many, if not most of Defendants' cruises

15  (especially their weekend cruises) sell out.  This is, on information and belief, a

16  direct result of Defendants' serial and flagrant false advertisements.

17                    ***Overview of The Parties' Advertising***

18      23.    Harbor Breeze sells tickets primarily online through its website,

19  www.2seewhales.com, and through walk-up sales for tourists in Long Beach,

20  California.  Harbor Breeze also has a long-standing relationship with the Long

21  Beach Aquarium, which also sells Harbor Breeze cruise tickets to the Aquarium's

22  own customers.

23      24.    L.A. Waterfront Cruises sells tickets through its website,

24  http://www.lawaterfrontcruises.com/.   L.A. Waterfront Cruises also has a

25  relationship with the Long Beach Aquarium, which provides trained educators on

26  whale watching cruises.

27      25.    Because a substantial portion of the Plaintiffs' ticket sales are done

28  online, Plaintiffs rely heavily on Google advertising to promote their ticket sales.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6
Harbor Breeze Corporation's Complaint

1    Thus, a substantial portion of Plaintiffs' advertising expenditure has been on Google

2    advertisements. As a result of the events alleged herein, Plaintiffs have been forced

3    to increase their Google advertisement spending to more than **$10,000 per month**,

4    just to combat the unlawful conduct of Defendants.

5        26.    Like Plaintiffs, Defendants sell a substantial amount of tickets on their

6    various websites, including their primary websites, www.newportwhales.com,

7    www.newportlanding.com, and www.daveyslocker.com. Defendants also own a

8    plethora of other websites, including, but not limited to: www.longbeachwhalewatch

9    ing.com, www.whalewatchingsantamonica.com, www.whalewatchingredondo.com,

10    www.whalewatchdanapoint.com, www.whalewatchingmarinadelrey.com, www.wha

11    lewatchingsanpedro.com, www.whalewatchinglagunabeach.com, www.whalewatch

12    inghuntingtonbeach.com, www.whalewatchingsantabarbara.com. Though

13    Defendants' websites have URLs and titles that suggest that Defendants operate

14    from various harbors throughout California, Defendants do not actually operate

15    cruises from any of these harbors.

16        27.    Defendants have also had a long-term relationship with Groupon.

17    Defendants have been able to keep their Groupon ticket costs artificially low

18    because, as alleged herein, their Groupon advertisements fail to fully disclose that

19    customers will be forced to pay additional fees after the customer purchases a

20    Groupon ticket.

21        28.    Until recently, Defendants' Groupon ticket prices were so low that

22    Groupon counseled Plaintiffs not to sell their tickets using the Groupon platform.

23    As of about April 2017, the Plaintiffs have begun to sell tickets on Groupon, but

24    were forced to reduce their ticket prices drastically to do so. In fact, Plaintiffs have

25    even been forced to advertise tickets for as low as *$7.50*—substantially below their

26    operating costs—to compete with Defendants.

27                 ***The State-Court Proceedings***

28        29.    In 2011, Harbor Breeze sued Newport Landing, Davey's Locker, and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Brisbin in the Los Angeles Superior Court, Case No. NC055887, alleging causes of action for violation of California Business and Professions Code §§ 17200 and 17500. The chief allegation in the state-court litigation was that Newport Landing and Davey's Locker advertised that they provided whale watching cruises departing directly from a number of harbors throughout Southern California, when in fact they did not.[1] The state-court litigation did not involve any allegations concerning Defendants' false advertising of prices, or hidden fees.

30. Harbor Breeze was successful in the jury trial, which resulted in the following injunction against Davey's Locker and Newport Landing:

**IT IS HEREBY ORDERED** that Defendants are hereby enjoined from advertising, soliciting or using the Internet in any way to identify them as being a whale watching provider out of the California cities of, or in, Long Beach, Los Angeles, Dana Point, Santa Barbara and San Diego until such time as they establish a physical presence there; however, Defendants are permitted to advertise, solicit or use the Internet to advertise in these cities as long as they conspicuously state in their advertisement, solicitation or Internet use that they are located in Newport Beach and their vessels depart only from Newport Beach.

31. Thereafter, in 2014, Harbor Breeze applied for an order to show cause regarding contempt, as Harbor Breeze believed that Newport Landing and Davey's Locker had continued to advertise in violation of the injunction. At the hearing thereupon, Newport Landing and Davey's Locker represented to the Court that, *inter alia*, any offending advertisements were a mistake, and that all such practices had ceased. The Court declined to enter a finding of contempt.

32. Following the contempt proceedings, Newport Landing and Davey's Locker (as well as the other Defendants) have re-tooled their false advertising in an attempt to skirt the injunction and avoid a finding of contempt. Defendants continue

---

[1] Brisbin testified that he designed all online advertisements for Newport Landing and Davey's Locker, purchased and designed Google advertisements for Newport Landing and Davey's Locker, and designed and managed the Newport Landing and Davey's Locker's innumerable websites. The Plaintiffs are informed and believe that Brisbin still holds the same roles for Newport Landing and Davey's Locker, as well as for Ocean Explorer and Freelance.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  to make new, ever-creative false and misleading advertisements, and have even
2  began specifically targeting Plaintiffs as alleged herein.

3        33.    This Complaint does **not** seek to address or to re-litigate any of the
4  issues determined in the State-Court action.  This Complaint also does **not** seek to
5  enforce the injunction.  This Complaint only seeks remedies for the Defendants'
6  new and continuing misconduct from **after** the contempt proceedings and for
7  wrongdoings from January 1, 2015 to the present date.  This Complaint also seeks
8  relief related to false advertising and unfair business practices that were not at issue
9  in any manner in the original action, namely the false advertisement related to, *inter*
10 *alia*, price and surcharges.

11             ***Defendants' New And Continuing False Advertisements***

12       34.    In the two and one half years following the hearing on the order to
13 show cause, Defendants have employed a number of new tactics to mislead
14 consumers into believing that Defendants (1) offer their cruises in locations other
15 than Newport Beach, California, and (2) sell tickets for a drastically lower price than
16 Plaintiffs.    For customers who are not familiar with California geography,
17 purchasing tickets from Defendants is a compelling choice.  Some of Defendants'
18 more egregious tactics are as follows.

19                  *1.    False Claims As To Location*

20       35.    Defendants falsely advertise in print and online, suggesting that their
21 cruises depart from harbors outside of Newport Beach, when they do not.  The most
22 prominent locale for the Defendants' false advertising is Google.  Any customer
23 who searches on Google for "{Southern California City} Whale Watching" or some
24 iteration thereof will be inundated with Defendants' ads (Plaintiffs have even seen
25 Defendants' advertisements when searching for "San Francisco Whale Watching").
26 For example, below is the result of a search for "long beach whale watching":

27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6                                      10
                         Harbor Breeze Corporation's Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17



18 (May 3, 2017)[2]

19

_____

20 [2] Since this image was captured, the first advertisement (for a $13 ticket) has been modified so that at the bottom of the paid advertisement section, an address in Newport Beach is listed (though the address does not describe itself as Newport Landing's *only* address).   On information and belief, this occurred because Defendants learned of Plaintiffs' investigation, and this was merely a response to the investigation.   Nevertheless, the subsequent addition of an address by Defendants does not cure the harm to Plaintiffs that occurred during the unknown period of time in which the advertisement ran without any address listed.  Neither does the addition of an address in fact make the advertisement not false or misleading.   That is because a customer who searches for "long beach whale watching" is likely to believe that the results of the search (paid or otherwise) only display whale watching businesses that operate *in* Long Beach.  Furthermore, a consumer may not even see the address that is several lines below the prominent URL.   And of course, a consumer from outside of the Orange County or Los Angeles areas (and in some cases even consumers *in* those areas) would do not know that Long Beach is not near Newport Beach.  Finally, even though the Google advertisement has an address (footnote continued)

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       36.    Each of the above highlighted advertisements contains false and

2  misleading statements about Defendants' location.    Plaintiffs are informed and

3  believe that customers are naturally drawn to the third advertisement because it is

4  for the lowest amount: $10.    However, as demonstrated below, each of the

5  advertisements (and especially the advertisement for $10) is false and misleading.

6  **The First False Advertisement**

7       37.    The paid advertisement following the "long beach whale watching"

8  search on Google is entitled "$13 Whale Watching Offer - Quality Tours at 1/3 The

9  Price."  There is no indication on the Google search results that the tours depart *only*

10  from Newport Beach.[3]  It is only when a user clicks on the paid advertisement that

11  he or she is brought to a page that notes—towards the bottom of the screen, under a

12  large and colorful coupon, in non-prominent font and color—that cruises depart

13  from Newport Beach.  An image of the landing page following the URL is below:

14

15

16

17

18

19

20

21

22

23

24  _____

25  in Newport Beach, that does not mean to a consumer that they *only* offer cruises in
Newport Beach; a consumer may very well believe that the cruises are also offered

26  in Long Beach, the place where they searched for a cruise.  Thus, the recent updates
by Defendants do not cure the false and misleading nature of their advertisements,

27  which are alleged in comprehensive detail below.
[3] Again, the image referred to in this paragraph was taken in May 2017, prior to any

28  change by Defendants.  The change by Defendants is discussed in footnote 2, *supra*.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW



http://www.newportwhales.com/whale-watching-coupon-13.html?gclid=CPvI86CU1NMCFUpNfgodIZoB6Q (May 3, 2017).

38.     There is no indication within this advertisement that Newport Beach is not close to Long Beach.  This is misleading to customers who land on this page after searching for "long beach whale watching" and expect to find a location in or close to Long Beach.  Plaintiffs are informed and believe that tourist customers, who are unfamiliar with California's geography, would believe that Newport Beach and Long Beach are close to one another based on these advertisements.  In fact, Plaintiffs frequently receive calls from potential customers who are confused about the location of Plaintiffs as compared to Defendants, and who in many cases demand that Plaintiffs match ticket prices.  Plaintiffs are only ever able to sell tickets to about 10–20% of those potential customers.

**The Second Advertisement**

39.     The second advertisement of Defendants in the above Google result is the non-paid advertisement entitled "Long Beach Whale Watching $16 Special":

**Long Beach Whale Watching $16 Special**
www.newportwhales.com/Long_Beach_Whale_Watching.html ▾
Providing **Whale Watching** Cruises for **Long Beach** visitors for over 20 years. Complete guide on where to go whale watching, whales and dolphins that can be ...

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

13

(May 3, 2017).  This advertisement has not changed since May 2017.

40.    Notably, the text below the URL states, "Providing Whale Watching Cruises for Long Beach visitors for over 20 years."  This is false, as Defendants do not provide any cruises out of Long Beach.  Like the paid advertisement, there is no indication that cruises depart only from Newport Beach.

41.    When a user clicks on that advertisement, he or she is taken to the following landing page:





http://www.newportwhales.com/Long_Beach_Whale_Watching.html      (May     3, 2017).

42.    This is the first time a user is informed that his or her cruise departs from Newport Beach.  As with the previous advertisement, there is no clarification that Newport Beach is not in or close to Long Beach.

### The Third Advertisement

43.    The third of Defendants' advertisements on the above Google result is the non-paid advertisement entitled "Whale Watching Long Beach $10 Visitor & Resident Special":

Whale Watching Long Beach $10 Vistor & Resident Special
www.daveyslocker.com/whale-watching/long-beach/ ▾
Davey's Locker has been the go-to destination for both Long Beach whale watching visitors and residents for the past thirty years. Located just minutes from ...

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(May 3, 2017).  This advertisement—which has not changed since May 2017 when the image was captured—is the most flagrantly false and misleading of the three advertisements in the above search.  On information and belief, this advertisement is designed to lure customers in more so than the other two advertisements, using the illusion of competition between the commonly owned Defendants.

44.    This particular advertisement falsely suggests that Defendants operate out of Long Beach by claiming that the special is for visitors and residents.  The advertisement further falsely suggests that Defendants operate out of Long Beach by claiming that they are "Located just minutes from . . ." without completing the sentence.  In fact, Defendants' cruises do not depart "just minutes" from Long Beach.

45.    If a user clicks the above advertisement, he or she is taken to a landing page with a full-screen image that shifts between six different images, once every four or so seconds.  The images are reproduced in sequence below as they are represented on Defendants' website:

**First Landing Page Image**:



http://www.daveyslocker.com/whale-watching/long-beach/ (May 5, 2017).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**Second Landing Page Image**:




http://www.daveyslocker.com/whale-watching/long-beach/ (May 5, 2017).

**Third Landing Page Image**:




http://www.daveyslocker.com/whale-watching/long-beach/ (May 5, 2017)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**Fourth Landing Page Image**:




http://www.daveyslocker.com/whale-watching/long-beach/ (May 5, 2017)

**Fifth Landing Page Image**:




http://www.daveyslocker.com/whale-watching/long-beach/ (May 5, 2017)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**Sixth Landing Page Image**:



http://www.daveyslocker.com/whale-watching/long-beach/ (May 5, 2017)

46.     Notably, of the six landing page images, **ONLY** the third image ever mentions that cruises are "from Newport Bay," and only then in small, non-prominent lettering at the top corner of the page and outside of the viewer's primary area of focus.   A customer would have to wait for this image to appear for approximately **eight seconds** without continuing to scroll through the page.  Further, on information and belief, Defendants' intentionally placed this in the third image so that customers would skip past the image and continue to be deceived into believing that cruises departed from Long Beach.

47.     When a user scrolls past the landing page images, or clicks the large circle with the (∨) symbol, the user is taken to the following portion of the page:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW



<http://www.daveyslocker.com/whale-watching/long-beach/> (May 5, 2017)

48.     This second portion of the page **still** does not disclose that cruises depart from Newport Beach.  In fact, the above text contains a number of false statements that are further designed to induce customers into believing that cruises do in fact depart from Long Beach or the immediately surrounding areas, such as that Davey's Locker is the "go-to destination for both Long Beach whale watching visitors and residents" and that it is "[l]ocated just minutes from Long Beach."

49.     Additionally, this second portion of the webpage has a direct link to the ticket-purchasing page of the website (highlighted in red above).  On information and belief, Defendants placed that link to induce customers to click on it before continuing to scroll down the landing page.

50.     If, however, the consumer did continue to scroll down the landing page rather than click the yellow button, it would not be until the third full window that it was disclosed that cruises depart from Newport Beach:



4849-6821-5111.6

Harbor Breeze Corporation's Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13






http://www.daveyslocker.com/whale-watching/long-beach/ (May 5, 2017)

14   51.   Though it is disclosed on this third portion of the landing page that

15   cruises depart from Newport Beach, most consumers, on information and belief,

16   never scroll past the second portion as they click on the ticket purchasing link.

17   52.   Furthermore, on this third portion of the page, the Davey's Locker

18   advertisement offers cruises on the Ocean Explorer vessel, which on information

19   and belief, is a vessel owned by Defendant Ocean Explorer.  This is further support

20   that Defendants are mere shells, alter egos, and/or conspirators of one another.

21   53.   Additionally, in an effort to further confuse and distract consumers, the

22   further down the same landing page, Defendants have posted a number of

23   recommendations for activities, parks, hotels, and more *in* Long Beach:

24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12



13 [http://www.daveyslocker.com/whale-watching/long-beach/](http://www.daveyslocker.com/whale-watching/long-beach/) (May 9, 2017).  There is

14 no reason for Defendants to provide this information other than promote the

15 misconception that the cruises being purchased depart from Long Beach.

16 **Other Google Searches**

17      54.    The above three links were all accessed through searches on Google for

18 "long beach whale watching."  However, virtually identical links, with the names

19 and information of different cities, can be accessed by searching "{Insert City Here}

20 Whale Watching."  For example:

21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6
21
Harbor Breeze Corporation's Complaint

1 **Santa Barbara Whale Watching**: (image captured May 5, 2017)



15 **San Diego Whale Watching**: (image captured May 5, 2017)



28     55.    On information and belief, Defendants have created dozens, if not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

22

Harbor Breeze Corporation's Complaint

1  hundreds, of iterations of their websites in a concerted effort to defraud consumers

2  and harm competition.

3  **Newportlanding.com**

4      56.    Newport Landing owns a number of websites, including but not limited

5  to www.newportwhales.com and www.newportlanding.com.   On information and

6  belief, www.newportlanding.com has been revised relatively recently to include a

7  host of new false advertisements.

8      57.    When a consumer enters www.newportlanding.com and scrolls to the

9  bottom of the page, he or she can select links to a number of subpages, organized by

10  subheading for sportfishing and whale watching cruises:

11      •    Newport Beach Deep Sea Fishing Charter: http://www.newportlanding

12  .com/deep-sea-fishing-newport-beach.html

13      •    Orange County Deep Sea Fishing Charter: http://www.newportlanding

14  .com/deep-sea-fishing-orange-county.html

15      •    Catalina Island Deep Sea Fishing Charter: http://www.newportlanding

16  .com/deep-sea-fishing-catalina-island.html

17      •    Long Beach Deep Sea Fishing Charter: http://www.newportlanding

18  .com/deep-sea-fishing-long-beach.html

19      •    Dana Point Deep Sea Fishing Charter: http://www.newportlanding.com

20  /deep-sea-fishing-dana-point.html

21      •    Los Angeles Deep Sea Fishing Charter: http://www.newportlanding

22  .com/deep-sea-fishing-los-angeles.html

23      •    Orange County Whale Watching Cruises: http://www.newportlanding

24  .com/whalewatching-orange-county.html

25      •    Newport Beach Whale Watching: http://www.newportlanding.com/

26  whalewatching-newport-beach.html

27      •    Long Beach Whale Watching Cruises: http://www.newportlanding.com

28  /whalewatching-long-beach.html

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

23

Harbor Breeze Corporation's Complaint

1      •      Laguna Beach Whale Watching: http://www.newportlanding.com/

2          whalewatching-laguna-beach.html

3      •      Los Angeles Whale Watching: http://www.newportlanding.com/

4          whalewatching-los-angeles.html

5      •      Dana Point Whale Watching Cruises: http://www.newportlanding.com

6          /whalewatching-dana-point.html

7      •      San Diego Whale Watching: http://www.newportlanding.com

8          /whalewatching-san-diego.html

9      58.      Nearly every one of the above links contains false and misleading

10 statements concerning Defendants' location.

11      59.      For example, the landing page for "Los Angeles Deep Sea Fishing

12 Charter" is as follows:









24 http://www.newportlanding.com/deep-sea-fishing-los-angeles.html (May 9, 2017)

25      60.      There is no disclosure on the landing page that the cruises only depart

26 from Newport Beach.  The page suggests that the trips depart from Los Angeles by

27 representing "Deep Sea Fishing Trips Los Angeles."  Further, if a consumer scrolls

28 down, he or she sees the following text:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Daily deep sea fishing trips for Los Angeles residents and visitors are available from Newport Bay. Newport Landing is just a short drive south of downtown Los Angeles located in the beautiful beach community of Newport Beach. Newport Landing provides open party (general admission) deep sea fishing trips of varying trip lengths from half day to full day options and longer. Each fishing trip takes place on one of our modern fishing ships and has crew members onboard to assist with any needs you might have during your trip. Areas commonly fished include Catalina Island, a legendary Los Angeles fishing locale. Catalina Island is one of the Channel Islands and is known for its deep waters running very close to shore. Larger gamefish such as yellowtail that can reach 40 pounds or more and are regularly targeted in the crystal blue waters of Catalina Island along with a huge number of other fish species.

http://www.newportlanding.com/deep-sea-fishing-los-angeles.html (May 9, 2017)

61. This statement is false, as Newport Beach is not a "short drive" from Downtown Los Angeles.

62. Similarly, the page for "Los Angeles Whale Watching" makes false representations that Defendants are located "minutes from downtown Los Angeles:



When thinking of Los Angeles one thinks of great weather, beautiful beaches, and film/ entertainment mecca, but Los Angeles has another gift that being regarded as a world renowned whale watching destination. Unlike some of the other top whale watching destinations in the world, Los Angeles has year round viewing opportunities viewing many species of whales and dolphin. Where else could you go in the world and experience amazing weather, lake like ocean conditions, beautiful coastlines, and see not one but several different types of whales possibly on the same cruise. Sounds too good to be true just wait not only is all of this just minutes from downtown Los Angeles, but can be done for under $40 a person. Often you can spend thousands to travel to remote locations to see the same whales and dolphin, but in Los Angeles you can spend under $40 a person and don't even need to set aside a day to do, but can choose from several cruise times daily to fit into almost any schedule.

http://www.newportlanding.com/whalewatching-los-angeles.html (May 9, 2017).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

63.     Defendants also falsely represent that they are 20 minutes from Long Beach.  It is not possible to get from Long Beach to Newport Beach, approximately 32 miles, in 20 minutes at the times when cruises are being offered by Defendants:



Long Beach whale watching enthusiasts are fortunate enough to be located so close to Newport Bay. Only about 20 minutes south of Long Beach, Newport Bay has over 20 miles of protected pristine coastline and surrounding coastal waters located just outside its entrance. The marine park system is home to all sorts of marine life and attracts many varieties of whales and dolphin that migrate into its waters to feed and travel safely through. Beautiful undeveloped coastlines, large marine parks, and thriving marine environments create a world renowned whale watching destination so close to Long Beach. When is whale watching season? It is year round. Newport Bay is one of the lucky few locations in

http://www.newportlanding.com/whalewatching-long-beach.html (May 9, 2017).

64.     The above representations on www.newportlanding.com are made to further the conspiracy of Defendants to lure in consumers from other Southern California areas and to create the false impression of legitimate competition between the various Defendants.

### False And Misleading Print Advertisement

65.     Defendants circulate pamphlets and flyers with false and misleading advertisements concerning location, as well as a number of other factors such as price.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

66.    For example, on or about April 11, 2017, the following brochure was found in an Avis Rental Car location **in Long Beach**:



67.    The front portion of the brochure (on the left) falsely suggests that Newport Landing is close to Los Angeles and Los Angeles International Airport ("LAX").  The advertisement falsely states, "YOUR PRICE $18."  Upon purchase, the customer is charged at least an additional "wharfage" and "fuel surcharge" fee

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

that is not fully disclosed in the advertisement.  Further, the fine print on the bottom of the reverse portion of the brochure (on the right) falsely suggests that customers will need to make call-in reservations in order to take a cruise.  This is false because Defendants offer walk-up ticket purchasing.

68.     On information and belief, the representations in this brochure—available at rental car facilities in Long Beach—are made to convince tourists to act quickly and purchase a ticket which requires an advance reservation, before the consumers can determine that Newport Beach is not close to Long Beach and elect not to make the purchase.

69.     On information and belief, pamphlets and brochures similar to the above pamphlet are circulated throughout Southern California.

### 2.     *False Claims As To Price*

70.     Defendants mislead customers as to price through a number of paid and unpaid "special" and regular advertisements.  Their most prominent locale for doing so is Google.  For example, the following search on Google from May 3, 2017 depicted in paragraph 35 above shows three different "special" prices.

71.     When a user tries to click on any of Defendants' Google advertisements, the user is inevitably forced to purchase a ticket for higher than the advertised price.  Below is a image-by-image sequence of a click-through from a paid advertisement following a search for "Long Beach Whale Watching," which does not disclose all fees until after a user has clicked through several pages of Google and Defendants' website:

Harbor Breeze Corporation's Complaint

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW



72.     After a user clicks on the above link, he or she is brought to the following landing page, which does not disclose additional fees:



http://www.newportwhales.com/whale-watching-coupon-13.html?gclid=CMv-1ZGK6NMCFYlgfgodU44JpQ (May 11, 2017).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

73.     When a user clicks the gold button above to "claim offer," he or she is redirected to the following page, which again does not disclose any additional fees: http://www.newportwhales.com/whale-watching-coupon-13.html?gclid=CMv-



1ZGK6NMCFYlgfgodU44JpQ#reservations (May 11, 2017)

74.     Notably, it is only after clicking through several pages that it is disclosed, in non-descript font at the bottom of the page, that the purported $13 special is not available on weekends.  If a user clicks the "BOOK NOW" button on the lower right-hand corner, he or she is brought to the following page:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

2

3

4

5

6

7

8

9



10 http://www.newportwhales.com/whale-watching-coupon-13.html?gclid=CMv-

11 1ZGK6NMCFYlgfgodU44JpQ#reservations (May 11, 2017).

12      75.    Finally, when a user skips the binocular rental, he or she is brought to

13 the final purchasing page:

14

15

16

17

18

19

20

21

22 http://www.newportwhales.com/whale-watching-coupon-13.html?gclid=CMv-

23 1ZGK6NMCFYlgfgodU44JpQ#reservations (May 11, 2017)

24      76.    Thus, it is only at the fourth page following a search on Google that it

25 is disclosed to a consumer that he or she must pay additional fees, which amount to

26 more than 21% increase in the total ticket price.

27      77.    On information and belief, Davey's Locker (and the other Defendants,

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6                                31
                                Harbor Breeze Corporation's Complaint

as they all use the same ticketing portal with the same ticketing systems) impose these fees only at checkout in an effort to make the fees seem as if they are some form of required tax, when they are not, as explained below.   Further, on information and belief, Defendants keep these purported fees seemingly low in hopes that a consumer will not back out of the purchase.

78.   This method of ticketing, and the entire ticketing platform itself, is employed by each Defendants:

**Davey's Locker**:



http://www.daveyslocker.com/whale-watching-cruises/ (May 11, 2017)


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **Ocean Explorer**:



http://oceanexplorercruises.com/whale_watching_reservation_winter.html (May 11,
2017)   The Ocean Explorer page advertises as if it is a part of Newport Whales,
when the entities are distinct.   This is further support for Defendants' conspiracy.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **Freelance**:







http://www.freelanceoceantours.com/whale_watching_reservation.html   (May   11, 2017).

### Davey's Locker's $10 Special

79.   Davey's Locker's website offers cruises for $10, but tickets can **never** actually be purchased for $10.  Below is a series of links demonstrating the false nature of these advertisements:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

34

Harbor Breeze Corporation's Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17 http://www.daveyslocker.com/whale-watching/long-beach/ (May 10, 2017)

18   80.   The above "Cruise Special" advertisement does not disclose any

19 additional fees or charges.  When a user clicks on the yellow button above, he or she

20 is taken to the following page:

21
22
23
24
25
26
27
28





LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

1    http://www.daveyslocker.com/$10_whale_watching_offer.html (May 10, 2017)

2        81.    This page of the above special likewise does not disclose any additional

3    fees or charges.  Additionally, the underlined portion of the above page claims that

4    the special is for "Today."   On information and belief, this is false because the

5    purported special is offered year-round.

6        82.  If a user clicks on the "Click here to claim offer" banner, he or she is

7    directed to the following landing page:

8    

10   

17   http://www.daveyslocker.com/$10_Whale_Watching_Coupons.html    (May   10,

18   2017)

20       83.    Now, after the user has scrolled through several pages purporting to

21   offer a $10 special, the user is advised that the special is only applicable on

22   weekdays.

23       84.    Furthermore, it is only at this page that it is disclosed, in very small

24   lettering at the bottom of the coupon, that "Fuel surcharges may apply."   As

25   discussed further below, the fees called "fuel surcharges" always apply.  And, if a

26   user continues to click through, he or she is redirected to the final ticketing portal

27   (shown above) that adds on "fuel surcharge" and "wharfage" fees.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**Groupon Advertisements**

85.   Similar results occur on Groupon.   Google ads for Defendants' Groupon pages suggest that tickets are priced "From $9":



(May 11, 2017)

86.   The above advertisement is literally false.   Tickets can never be purchased for $9 because of hidden fees.   And the linked Groupon page does not even offer tickets for $9!



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  https://www.groupon.com/deals/davey-s-locker-sportfishing-42?utm_source=google
2  &utm_medium=cpc&utm_campaign=us_dt_sea_ggl_txt_ttt_sr_cbp_ch1_nbr_k*wh
3  ale%20watching_m*b_d*los-angeles-RTC-KWService_g*RTC-KWService-davey-
4  s-locker-sportfishing-42-BROAD_c*194517399580_ap*1t2_t*aud-292779337362
5  :kwd-11032200&loc_physical_ms=1013962&loc_interest_ms=1013958&template
6  =ETA2 (May 11, 2017).

7       87.    Further, the "fine print" below this advertisement does not disclose all
8  of the additional fees.  The "fine print" only notes that "fuel surcharges" may apply,
9  when in fact the "fuel surcharge" always applies:

10
11
12  The Fine Print
13  Promotional value expires Feb 1, 2018. Amount paid never expires. Reservation required, subject to
14  availability. Valid only for option purchased. Please arrive at least 30 minutes early. Fuel surcharge may
    apply. Groupon must be exchanged for boarding pass(es) prior to boarding. Merchant is solely
    responsible to purchasers for the care and quality of the advertised goods and services.

    Two Adult Whale Watching & Dolphin Cruise Tickets
    Over 10,000 bought
    $72 $23
    68% off
    Buy
    Give as a Gift

16
17  https://www.groupon.com/deals/davey-s-locker-sportfishing-42?utm_source=google
18  &utm_medium=cpc&utm_campaign=us_dt_sea_ggl_txt_ttt_sr_cbp_ch1_nbr_k*wh
19  ale%20watching_m*b_d*los-angeles-RTC-KWService_g*RTC-KWService-davey-
20  s-locker-sportfishing-42-BROAD_c*194517399580_ap*1t2_t*aud-292779337362:
21  kwd-11032200&loc_physical_ms=1013962&loc_interest_ms=1013958&template
22  =ETA2 (May 11, 2017).

23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

88.     If a user attempts to purchase a purported $12.50 adult ticket, he or she is directed to the following page, which does not disclose additional fees:



https://www.groupon.com/login?ref=%2Fdeals%2Fdavey-s-locker-sportfishing-42%2Fconfirmation%3Fpledge_id%3D55150405 (May 11, 2017).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

89.    Below is the confirmation page from a Groupon order for two adult tickets, placed in April 2017, with no additional "fuel surcharge" or "wharfage" fee disclosed:



90.    It was only after logging into Groupon, scrolling through several pages, selecting tickets, paying for tickets, and attempting to make a reservation that the above user was ever told that he needing to pay additional "fuel surcharge" and "wharfage" fees.  On information and belief, each of Defendants' many Groupon advertisements for whale watching and fishing fail to disclose pricing in a similar manner until after a ticket is purchased.  Below is the receipt from that payment on April 21, 2017:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

**M Gmail**

Zach Wilson <oceanlover5455@gmail.com>

**Transaction Receipt from DAVEYSLOCKERTICKETS.COM for $3.27 (USD)**
**The Fine Print**

Promotional value expires May 26, 2017. Amount paid never expires. Limit 15 per person, may buy 15 additional as gifts. Valid only for option purchased. Online reservation required, 24hr cancellation notice required, or fee up to Groupon price may apply. Outside alcohol and coolers not allowed. Additional dock/fuel fee may apply. Fishing license, rod rentals, & tackle not included; available at additional cost. Bait included. Customers 16+ must have a fishing license. Upgrade to extended 3/4 day trip & limited load extended 3/4 trip for an additional cost; subject to availability. Entire value must be used in a single visit Merchant is solely responsible to purchasers for the care and quality of the advertised goods and services.

Billing Information          Shipping Information
Zach Grant

█████████████████

USA
oceanlover5455@gmail.com

Total:  $3.27 (USD)

Payment Information
Date/Time:          21-Apr-2017 12:42:10 PDT
Transaction ID:     60100730601
Payment Method:     ██████████
Transaction Type:   Purchase

15   91.   The failure to disclose additional fees until after a purchase is

16   significant not only because this is a bait-and-switch, but also because of

17   Defendants' restrictive refund policy, which is not disclosed in their Groupon

18   advertisements.  On information and belief, once a consumer purchases a cruise on

19   Groupon, he or she will be forced to either pay the previously undisclosed fees, or

20   forfeit the ticket.

21   92.   Defendants' sportfishing advertisements on Groupon are similarly

22   false.  The "fine print" on those pages also suggests only that additional charges

23   "may" apply, when, on information and belief, they always do:

**The Fine Print**

Promotional value expires May 26, 2017. Amount paid never expires. Limit 15 per person, may buy 15 additional as gifts. Valid only for option purchased. Online reservation required, 24hr cancellation notice required, or fee up to Groupon price may apply. Outside alcohol and coolers not allowed. Additional dock/fuel fee may apply. Fishing license, rod rentals, & tackle not included; available at additional cost. Bait included. Customers 16+ must have a fishing license. Upgrade to extended 3/4 day trip & limited load extended 3/4 trip for an additional cost; subject to availability. Entire value must be used in a single visit Merchant is solely responsible to purchasers for the care and quality of the advertised goods and services.

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

Harbor Breeze Corporation's Complaint

1  https://www.groupon.com/deals/davey-s-locker-sportfishing-41 (May 11, 2017).

2  93.  More recently, Defendants have been running a Groupon advertisement

3  which contains the following fine print terms:

### The Fine Print

This voucher is good for one cruise on any available date of your choice, Monday-Friday, through October 27, 2017. Please visit http://www.daveyslocker.com/whale-watching/whale-watch-prices/ for current available departure times. A fuel surcharge will be charged to all passengers if marine fuel is over $3.50 per gallon on the date of departure. The surcharge will vary depending on current fuel prices. Infants aged 2 and younger may attend free of charge, but you must reserve their spot when booking your cruise and purchase a Complimentary Infant ticket. ALL SALES FINAL. Groupon promo codes may not be used for this offer. Discount reflects current ticket prices, which may change. Ticket value includes all fees. Holder assumes all risk in connection with the event and releases Groupon, Goldstar, the venue and their affiliates from any related claims. Merchant is solely responsible to purchasers for the care and quality of the advertised goods and services.

https://www.groupon.com/deals/goldstar-daveys-locker-ships (August 22, 2017). This fine print advertisement is literally false in that (1) the "fuel surcharge" is charged in all circumstances, not just when fuel is more than $3.50 per gallon; (2) infant children cannot ride for free because, on information and belief, they too must pay a "fuel surcharge"; (3) the ticket value does not include all fees, including the "fuel surcharge" and the "wharfage" fee (which, of course, is not disclosed); and (4) the "fuel surcharge," on information and belief, never varies.

94.  This fine print advertisement is particularly egregious because it specifically states, "ALL SALES FINAL" and directly represents that there are no additional fees.  This means that a customer who purchases this ticket and is subsequently told that they must pay "fuel surcharge" and "wharfage" fees has no choice but to comply with the demand for suppressed fees or lose their money.

### In-Person Claims

95.  Virtually identical results occur when a consumer purchases a ticket in person.  When a person presents a printed coupon in-store at Defendant's location, he or she is forced to pay additional fees.

1    96.    Defendants' false advertising concerning price is material to

2    consumers.   Consumers make their purchasing decisions in large part based on

3    price.  Defendants themselves are acutely aware of this by virtue of their price

4    manipulation.

5    97.    Defendants' false advertising concerning price has caused serious harm

6    to the Plaintiffs, who have been forced to drastically lower their ticket prices while

7    greatly ramping up their advertising costs, just to stay competitive.

8                        ***3.    False "Fuel Surcharges"***

9    98.    When a consumer purchases a ticket from Defendants, the consumer is

10   forced to pay a fee called a "fuel surcharge."   Defendants make a number of

11   representations about the nature of this fee in an effort to, on information and belief,

12   mislead and confuse consumers.  For example, the terms and conditions pages on

13   Defendants' ticketing portal describe the fees as follows:

14   **TERM AND**       United States. Standard shipments may take up to 5 business days for delivery. Overnig
     **CONDITIONS**     shipping is available at an additional cost and must be arranged in person or via phone
15                      with a representative of Davey's Locker. Davey's Locker is not responsible for and will no
                        refund returned shipments if the address supplied is an undeliverable address. Please
16                      make sure all information supplied to Davey's Locker is correct before submitting your
                        order. If the shipment needs to be resent additional fees will apply.
17
                        Fuel Fee
18                      Fuel fees are added to all ticket prices as a separate line item. Fuel fees vary based on
                        length and type of trip. Fuel fees are subject to change without notice.
19   http://www.daveyslocker.com/whale-watching-cruises/ (May 11, 2017).   In other

20   places (i.e., Groupon) a consumer is told that the "fuel surcharge" of an unspecified

21   amount *may* apply with no further information.  In other places, (i.e., the pamphlet

22   scanned above in paragraph 66), consumers are told that "fuel surcharges" from $1–

23   4 *may* apply.  In other places, consumers are told that the "fuel surcharge" applies

24   when fuel costs more than a certain amount per gallon.  *See, e.g.*,

25   http://longbeachwhalewatching.com/pricing-schedule/.   In other Groupon ads,

26   consumers are told that the fee applies if fuel is more than $3.50 per gallon.  During

27   in-person purchases, employees of Defendants represent that the "fuel surcharge" is

28   for gas to use for the boat.  On a side-page of the Davey's Locker website, the "fuel

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

43

Harbor Breeze Corporation's Complaint

1  surcharge" is described as follows:



## FUEL SURCHARGE

Newport Landing uses a surcharge that is adjusted monthly. Changes to the surcharge will be effective the first Monday of each month. The surcharge will be based on the Marine Diesel Fuel Price as reported by Hill's Fuel Dock (our supplier) for the month that is one month prior to the adjustment, rounded to the nearest cent. For example, the surcharge for February is based on the January Marine Diesel Fuel Price.

**Current Marine Diesel Fuel Price ($/Gallon) = $2.79**

The Fuel Surcharge will be set in relation to the following table:

**WHALE WATCHING**
(2 HOUR – 2.5 HOUR TRIP)

| At Least: | At Or Less Than: | Surcharge: |
|---|---|---|
| $2.01 | $2.50 | $2.00 |
| $2.51 | $3.00 | $2.50 |
| $3.01 | $3.50 | $3.00 |
| $3.51 | $4.00 | $3.50 |
| $4.01 | $4.50 | $4.00 |
| $4.51 | $5.00 | $4.50 |

If fuel prices exceed $5.01 per gallon this table will be updated to reflect additional surcharges.

14  https://www.daveyslocker.com/fuel-surcharge/ (May 11, 2017)

15   99.    This is found on the Davey's Locker website and the description refers to Newport Landing, which supports the claim that Defendants are engaged in a conspiracy.

18   100.   The "fuel surcharge" is a deceptive charge designed to mislead consumers into mistakenly believing that the fees collected are imposed temporarily to blunt the impact of an atypical increase in fuel costs.  This is false because the price of fuel is relatively low, and on information and belief, the "fuel surcharge" has remained the same for years.

23   101.   To the extent that Defendants' employees represent that the "fuel surcharge" is for use of fuel to operate the vessel, those representations are false because, on information and belief, the fee greatly exceeds the actual cost of fuel. As of May 18, 2017, Hill's Fuel Dock (the supplier referred to in Davey's Locker's table) indicated that the price of diesel fuel was only $2.67 (the non-bulk price). The Plaintiffs are informed and believe that on a 2.5 hour whale watching cruise, the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Defendants' ships use a maximum of 45 gallons of fuel.  At $2.67 per gallon, the

2  actual fuel cost would be $120.15.  If Defendants sell 100 tickets for that cruise with

3  a $2.50 "fuel surcharge" per passenger, Defendants will pocket an additional

4  $129.85 above the actual cost of fuel.

5      102.  Defendants' false representations concerning the "fuel surcharge" are

6  material because, on information and belief, customers would not purchase a ticket

7  with false and misleading representations concerning fees which in reality were

8  nothing more than additional profit for Defendants.  Furthermore, consumers would

9  believe that all competitors charged this fee.

10      103.  The "fuel surcharge" has harmed Plaintiffs, because the initial

11  advertisements which do not disclose the fee and which are prominently displayed

12  on websites like Google and Groupon show the prices for which the customers make

13  their initial purchasing decisions.  These prices are artificially low because they

14  exclude the profit-generating "fuel surcharge," and these artificially low prices make

15  it highly unlikely that a customer will select the seemingly far more expensive

16  prices from Plaintiffs.

17          **4.    *False "Wharfage" Fees***

18      104.  Defendants also mislead customers into paying "wharfage" fees.

19  Defendants make a number of representations about the nature of this fee in an

20  effort to, on information and belief, mislead and confuse consumers.  For example,

21  the terms and conditions pages on Defendants' ticketing portal describe the fees as

22  follows:

23  **TERM AND**  length and type of trip. Fuel fees are subject to change without notice.
    **CONDITIONS**

24

25          Wharfage Fee
          Wharfage fees are a percentage based and charged as a separate line item. Wharfage

26          fees are collected by Davey's Locker for use of the docks during embarking and
          disembarking of all trips.

    https://www.daveyslocker.com/whale-watching-cruises/ (May 11, 2017).  During in-

27  person ticket sales, agents of Defendants have represented that the "wharfage" fee is

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  a "tax" or is for use of the dock and is charged by the dock owner.

2      105.   The "wharfage" fee is not related to any tax, as set forth above.   The

3  "wharfage" fee is also not related to any use for the dock because the "wharfage"

4  fee is charged as a 2% fee on the ticket price and on line items wholly unrelated to

5  docking of the vessel, such as the "fuel surcharge" and binocular rentals.

6      106.   For example, the 2% "wharfage" fee on a $13 ticket is 2% of the ticket

7  price plus the "fuel surcharge":

8  http://www.newportwhales.com/whale-watching-coupon-13.html?gclid=CMv-



17  1ZGK6NMCFYlgfgodU44JpQ#reservations (May 11, 2017).

18      107.   The "wharfage" fee on the same ticket with a binocular rental is $0.41:



28  http://www.newportwhales.com/whale-watching-coupon-13.html?gclid=CLu2zaeh6

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

NMCFUtNfgodP1kE8w#reservations (May 11, 2017).

108. But it does not stop there. Recently, the Defendants began advertising an additional add-on, which is described as a "Discovery Cube's Ocean Quest Museum Package" and which, like the binocular rentals, costs $5. After following the "Long Beach Whale Watching $16 Special" advertisement on Google (*see* paragraph 39 above) and selecting this additional add-on, the checkout page is reflected as follows:



(July 17, 2017)

109. In the above checkout page, the 2% "wharfage" fee is not charged as 2% of the *actual* ticket price. Instead, the "wharfage" fee is 2% of the pre-promo code price ($32), plus 2% of the Discovery Cube price ($5)—which has no relation to use of the docks—plus 2% of the "fuel surcharge."

110. Because the "wharfage" fee is calculated based on a total of all line items, it cannot by definition be described as a fee charged for use of the dock. The "wharfage" fee, on information and belief, is merely another revenue-generator for Defendants. Defendants rely on customers to not change their mind about a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

47

Harbor Breeze Corporation's Complaint

1  purchase, as the "wharfage" fee is presented as a mandatory fee with a cost of

2  (usually) less than $1.   However, in the aggregate, Defendants have earned

3  substantial revenue from charging this fee.   Additionally, since this fee was

4  introduced, Defendants have been able to further manipulate the market in their

5  favor by lowering the advertised prices of tickets, and then tacking on these fees to

6  counteract the impact of lowering the advertised price.

7  111.   Defendants' false representations concerning the "wharfage" fee are

8  material, because consumers would not purchase a ticket knowing that the fee was

9  fabricated.  Further, consumers would believe that all competitors charged this fee.

10  112.   For the same reasons as the "fuel surcharge" fee, the "wharfage" fee

11  has caused damage to Plaintiffs, because it has allowed Defendants to keep their

12  advertised ticket prices artificially low thus taking customers from Plaintiffs.

### 5.   *Other False Claims*

14  113.   Plaintiffs have reason to believe that a number of Defendants' other

15  claims are false, including the following.

16  114.   On information and belief, Defendants' claims that their boats offer

17  360-degree viewing are false or misleading.

18  115.   On information and belief, Defendants' claims as to their whale and

19  dolphin sightings are false.   As of September 15, 2017, for example, Newport

20  Landing claims that it has witnessed **292,534** "Common Dolphins" in the 2017

21  alone!   http://www.newportwhales.com/whalecount.html.   This could only be a

22  complete fiction.

23  116.   On information and belief, Defendants' claims that they donate money

24  to the Crystal Cove Conservancy, a non-profit, environmental organization, are false

25  or misleading.   Plaintiffs are informed and believe that not all of Defendants who

26  claim to provide money to the Crystal Cove Conservancy actually do so, or that if

27  they do, they do not provide the money in the manner which they represent they do.

28  117.   On information and belief, Defendants write and/or hire third parties to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

48

Harbor Breeze Corporation's Complaint

write positive reviews for Defendants.  This belief is based upon Brisbin's testimony in the State-Court Action that he authored positive reviews for Newport Landing and/or Davey's Locker on websites and social media websites.  For example, Plaintiffs are informed and believes that the Defendants wrote and/or solicited Discover Los Angeles to write an positive review of Davey's Locker that was "*made possible by **_Los Angeles Whale Watching_** provider Davey's Locker*."  *See* Discover Los Angeles, *Experience the Thrill of Los Angeles Whale Watching*, http://www.discoverlosangeles.com/blog/experience-thrill-los-angeles-whale-watching (last updated Mar. 31, 2017).

118.  Plaintiffs are further informed and believe that Defendants falsely advertise competitors' or other whale watching companies' services as their own. For example, below are side-by-side images taken on or about July 13, 2017, which (left) show ship of the Australian company, Spirit of Hervey Bay, and (right) an image of the exact same ship with Newport Landing's logo superimposed over the image, offered on the "Going to California" website.  On information and belief, Defendants created this image and paid Going to California to advertise it:









LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

119.   Additionally, on Newport Landing's "Going to California" page, a repeating video is displayed at the landing page.  *See* Going to California, *Newport Landing*, http://goingtocalifornia.com/newport-landing-sportfishing-whale-watching (last visited July 17, 2017).  In that video, there are images containing the Newport Landing logo superimposed over images of the *Dana Pride* vessel, which is owned by Dana Wharf Sportfishing and Whale Watching ("Dana Wharf").  Dana Wharf is Defendants' competitor in Dana Point, California, and on information and belief has been the subject of equally intense false advertising by Defendants.  The images are below:



(July 17, 2017)



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   (July 17, 2017)

2   **Predatory Actions Targeting The Plaintiffs**

3   ***1.    Predatory Pricing As To The Plaintiffs***

4   120.   Plaintiffs have recently learned that, in addition to the false and

5   misleading advertisements discussed above, Defendants now engage in conduct that,

6   on information and belief, is designed to target competition in the Long Beach area,

7   namely Plaintiffs.   Specifically, Davey's Locker offers purported special pricing

8   throughout Southern California, but its special prices are even lower in Long Beach

9   and San Diego (where its most vigorous competition is located).   To access a special

10  price from the Davey's Locker website, a user has to click through two drop-down

11  menus as follows:



23  [www.daveyslocker.com/](www.daveyslocker.com/)  (May 10, 2017).   Davey's Locker (and the other

24  Defendants) do not actually offer cruises from any of those cities except Orange

25  County.   This drop-down window is therefore misleading.   The cruises offered by

26  Defendants are the same regardless of where the consumer is coming from.   This

27  scheme is just another artifice to mislead consumers as to Defendants' geography.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

121. If a user clicks on any of the above drop-down subpages, he or she is taken to the following pages in sequence:





http://daveyslocker.com/whale-watching-dana-point-visitors.html (May 10, 2017)





http://www.daveyslocker.com/whale-watching/long-beach/ (May 10, 2017)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





http://www.daveyslocker.com/whale-watching/los-angeles/ (May 10, 2017)





http://daveyslocker.com/whale-watching-laguna-beach.html (May 10, 2017)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

Harbor Breeze Corporation's Complaint

1
2
3
4
5
6
7
8





**WHALE WATCHING SAN DIEGO VISITORS $10 SPECIAL**

9
10
11
12
13

http://www.daveyslocker.com/whale-watching/whale-watching-san-diego-visitors/ (May 10, 2017)





14
15
16
17
18
19
20
21
22
23
24
25
26

**WHALE WATCHING ORANGE COUNTY $13**



27

http://daveyslocker.com/whale-watching-orange-county.html (May 10, 2017)

28

122.   In each of the above examples, except for San Diego and Long Beach,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

a purported special is offered for $13 per ticket.  However, the tickets are offered for only $10 in San Diego and Long Beach.  Plaintiffs are informed and believe that this predatory pricing is an effort by Defendants to target their strongest competition—Plaintiffs in Long Beach and other competitors in San Diego.

123.   All of the above deceptions as to location are material to a purchasing consumer.  On information and belief, a consumer making a decision to purchase a ticket does not want to take a lengthy drive just to take a cruise.  A consumer in a different locale from Defendants would not purchase tickets from Defendants if faced with truthful and non-misleading information.

124.   This false advertising has harmed Plaintiffs, who not only have to compete with other businesses in their immediate vicinity, but also have to compete with businesses which in reality are nowhere near their location, and which as alleged below offer artificially low prices.

### 2. *Conspiracy With Plaintiffs' Competitors*

125.   Defendants, on information and belief, have further engaged in predatory conduct aimed at Plaintiffs by luring third parties into engaging in false or deceptive advertisements designed to target Plaintiffs.  Specifically, Defendants, on information and belief, have caused or convinced Marina Del Rey Sportfishing to offer artificially low prices that—like Defendants' purported prices—are never in fact available and include false "fuel surcharges."

126.   Several years ago, and on information and belief, Brockman—who, as noted above, is one of the owners and/or principals of Defendants—brokered the sale of the fishing vessel, the *Matt Walsh*, to Marina Del Rey Sportfishing.

127.   At some point after purchasing the *Matt Walsh*, on information and belief, Marina Del Rey Sportfishing began to offer tickets for sale on Groupon.  Marina Del Rey Sportfishing offers Google advertisements with links to Groupon that show ticket prices for as low as $15.  This is far lower than the tickets that Marina Del Rey Sportfishing offers on its own website for $35 with a $2.10 fee.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6821-5111.6

55

Harbor Breeze Corporation's Complaint

128.   However, like with Defendants, the full price of Marina Del Rey Sportfishing's Groupon ticket is not disclosed until a user clicks on the link.  Once a user clicks on the link, he or she is told in fine print that "Upon arrival, passengers will need to pay a $5 fuel surcharge in cash."  On information and belief, this "fuel surcharge" is charged on **all** Groupon sales regardless of the price of fuel, which as noted above is at an extremely low price today.  Plaintiffs are informed and believe that this purported "fuel surcharge" is nothing more than a method to create artificially low advertised prices, which like Defendants' prices are never actually available.

129.   Plaintiffs are further informed and believe that the Defendants, through Brockman, instructed or counseled Marina Del Rey Sportfishing to employ this manner of pricing in an effort to harm both Defendants' and Marina Del Rey Sportfishing's competition in San Pedro and Long Beach—Plaintiffs.  Plaintiffs are so informed and believe in part because Defendants' Google advertising in Marina Del Rey is less prevalent than in other harbors in Southern California.  For example, as shown above in paragraph 121, Davey's Locker offer purported special pricing in every single major harbor in Southern California, but conspicuously do not offer such specials in Marina Del Rey.

130.   As a result of the false and misleading pricing offered by Defendants and Marina Del Rey, Plaintiffs are now forced to compete with businesses at a false price point both to the Plaintiffs' north (in Marina Del Rey) and south (in Newport Beach).  A customer is thus likely to be deceived into believing that Plaintiffs tickets are far more expensive than any other customer in any of the surrounding major harbors.

### FIRST CLAIM FOR RELIEF

### False Advertising, 15 U.S.C. § 1125(a)

### Against All Defendants

131.   Plaintiffs repeat, reallege, and incorporate herein by reference as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

132.   As alleged more fully herein, Defendants have made numerous false statements of facts in commercial advertising, both online and in print form, including but not limited to (1) false statements about their location; (2) false statements about the price of tickets, (including hiding information about fees) which can never be purchased for the advertised amount; (3) false statement about the nature of their "fuel surcharge"; (4) false statements about their "wharfage" fees; as well as other false statements.

133.   Each of Defendants' false statements are literally false or has actually deceived or has the tendency to deceive a substantial segment of the consuming public.

134.   Each of Defendants' false statements is material, in that the false statements are likely to influence the purchasing decision of consumers.

135.   Defendants caused the above false statements to enter interstate commerce by virtue of their publication online and in print advertisements.

136.   Plaintiffs have been and are likely to continue to be injured as a result of Defendants' false statements, as alleged more fully herein, and Defendants have been unlawfully enriched as a result of their misconduct.

**SECOND CLAIM FOR RELIEF**

**Violations of California Business and Professions Code §§ 17200 *et seq.***

**Against All Defendants**

137.   Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

138.   As alleged more fully herein, Defendants have engaged in unlawful business practices in violation of myriad state and federal laws and regulations, including but not limited to California Civil Code §§ 1770 *et seq.* and C.F.R. §§

1  238.0 *et seq.*

2      139.   As alleged more fully herein, Defendants have engaged in unfair and

3  fraudulent business practices through their campaign of unfair, deceptive, untrue,

4  and misleading advertisement.

5      140.   Plaintiffs have been and are likely to continue to be injured as a result

6  of Defendants' unlawful, unfair, and fraudulent business practices as alleged more

7  fully herein, and Defendants have been unlawfully enriched as a result of their

8  misconduct.

9                    **THIRD CLAIM FOR RELIEF**

10   **Violations of California Business and Professions Code §§ 17500 *et seq.***

11                   **Against All Defendants**

12     141.   Plaintiffs repeat, reallege, and incorporate herein by reference as

13 though fully set forth, the allegations contained in the preceding paragraphs of this

14 Complaint.

15     142.   As alleged more fully herein, Defendants have made numerous false

16 statements of facts in commercial advertising, which each have actually deceived or

17 have the tendency to deceive a substantial segment of the consuming public in a

18 material manner.   This has caused Plaintiffs substantial injury and has caused

19 Defendants to be unlawfully enriched.

20                    **PRAYER FOR RELIEF**

21     **WHEREFORE**, the Plaintiffs pray for judgment as follows:

22     A.     For general, compensatory and special damages according to proof at

23 the time of trial including an enhancement by the Court as set forth in 15 U.S.C

24 1117;

25     B.     For a disgorgement of the profits earned by Defendants that are

26 attributable to the wrongful acts set forth herein;

27     C.     For a determination that this case is "exceptional" and that Defendants

28 be ordered to pay the reasonable attorneys' and costs incurred by Plaintiffs in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   prosecuting this action;

2       D.    For the grant of preliminary and permanent injunctive relief as follows:

3           1.    Defendants, their agents, employees, and all persons acting in

4               concert with Defendants, be enjoined from advertising pricing

5               for their cruises anywhere online (including but not limited to

6               Groupon), in print media, or in in-person advertisement, which

7               advertisements do not include the full price a consumer will pay

8               for the ticket for a cruise inclusive of all fees and taxes which

9               will be charged for a cruise.

10          2.    Defendants their agents, employees, and all persons acting in

11              concert with Defendants, be enjoined from charging fees for their

12              cruises which are identified as fees for fuel, unless those fees are

13              used exclusively to purchase fuel.  In the event that a fuel fee is

14              used exclusively to purchase fuel, Defendants, their agents,

15              employees, and all persons acting in concert with Defendants,

16              may only charge customers up to Defendants' actual fuel cost per

17              ride.

18          3.    Defendants, their agents, employees, and all persons acting in

19              concert with Defendants, be enjoined from charging any fees

20              identified as "wharfage" fees.

21          4.    Defendants, their agents, employees, and all persons acting in

22              concert with Defendants, be enjoined from advertising that their

23              cruises depart  "minutes from" Long Beach or any harbor other

24              than Newport Harbor in Newport Beach, California.

25          5.    Defendants, their agents, employees, and all persons acting in

26              concert with Defendants, be enjoined from advertising distances

27              between where their cruises depart and any other location in a

28              straight-line "as the crow flies" manner.   When describing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

distances between where Defendants' cruises depart and any other location, Defendants, their agents, employees, and all persons acting in concert with Defendants must identify distances via potential driving routes.

6. Defendants, their agents, employees, and all persons acting in concert with Defendants, be enjoined from claiming or suggesting that their cruises depart from any location other than Newport Harbor in Newport Beach, California.

7. Defendants, their agents, employees, and all persons acting in concert with Defendants, must prominently display on the landing page portion of each individual page (i.e. on the portion of the webpage that the consumer/viewer immediately sees without having to scroll up or down) of their websites the following language in static, conspicuously colored, 18-point, capitalized font: "CRUISES DEPART ONLY FROM NEWPORT BEACH HARBOR LOCATED IN NEWPORT BEACH, CALIFORNIA."

8 Defendants, their agents, employees, and all persons acting in concert with Defendants, must state in all paid advertisements that "CRUISES DEPART ONLY FROM NEWPORT BEACH HARBOR LOCATED IN NEWPORT BEACH, CALIFORNIA."

E. For pre-judgment interest as allowed by law; and

F. For any such further legal and equitable relief as the Court deems proper.

1   DATED: September 15, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3

4                                      By: _____
                                            Daniel C. DeCarlo
5                                           Attorneys for Defendant Harbor Breeze
                                            Corporation
6

7                          **JURY TRIAL DEMAND**

8       Plaintiffs demand a jury trial on all matters so triable.

9   DATED: September 15, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

10

11

12                                     By: _____
                                            Daniel C. DeCarlo
13                                          Attorneys for Defendant Harbor Breeze
                                            Corporation
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28