# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| HARBOR BREEZE CORPORATION and L.A. WATERFRONT CRUISES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NEWPORT LANDING SPORTFISHING, INC., DAVEY'S LOCKER SPORTFISHING, INC., OCEAN EXPLORER, INC., FREELANCE SPORTFISHING, INC., and DOES 1–10,<br><br>Defendant. | Case No.: SACV 17-01613-CJC(DFMx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

//
//

## I. INTRODUCTION

On September 15, 2017, Plaintiffs Harbor Breeze Corporation ("Harbor Breeze") and L.A. Waterfront Cruises, LLC filed this action against Defendants Newport Landing Sportfishing, Inc. ("Newport Landing"), Davey's Locker Sportfishing, Inc. ("Davey's Locker"), Ocean Explorer, Inc., Freelance Sportfishing, Inc., and Does 1–10. (Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiffs and Defendants are competitors involved in the whale watching and sportfishing industries. (*Id.* ¶ 1.)

Plaintiffs bring claims for false advertising under the Lanham Act and for violations of California Business and Professions Code Sections 17200 and 17500. (*See generally id.*) Before the Court is Defendants' motion for judgment on the pleadings on the grounds that Plaintiffs' claims are barred by res judicata. (Dkt. 61 [Motion, hereinafter "Mot."].) Defendants also request in the alternative that the Court dismiss the case on the grounds of forum non conveniens. (*Id.*) For the following reasons, the motion is DENIED.[1]

## II. BACKGROUND

### 1. The Parties

Plaintiffs are California corporations that own and operate large sea vessels and provide customers various types of cruises, including short harbor cruises, whale watching cruises, sportfishing cruises, and charter cruises. (Compl. ¶¶ 12, 13, 20.) Defendants are also California corporations, (*id.* ¶¶ 14–17), and Plaintiffs' competitors in

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 26, 2018, at 1:30 p.m. is hereby vacated and off calendar.

the whale watching and sportfishing industries, (*id.* ¶ 1).  Plaintiffs allege that "a number of Defendants were once competitors, but are now commonly owned and operated." (*Id.* ¶ 22.)  Plaintiffs operate in Long Beach and San Pedro in Los Angeles County, and Defendants operate in Newport Beach in Orange County.  (*Id.* ¶ 1.)

### 2. False Advertisements Relating to Location

Plaintiffs allege that Defendants, who only offer cruises departing from Newport Beach, falsely advertise the location of their cruises as departing from other Southern California harbors.  (*Id.* ¶ 35.)  According to Plaintiffs, "[t]he most prominent locale for the Defendants' false advertising is Google." (*Id.*)  Apparently, whenever a customer conducts a Google search for whale watching tours in any Southern California city, the customer is "inundated with Defendants' ads." (*Id.*)  For example, Plaintiffs include in their Complaint a snapshot of the Google search results that generated when Plaintiffs entered the search terms, "long beach whale watching." (*Id.*)  Of the eight results that are included in Plaintiffs' snapshot, three are apparently related to Defendants and "contain[] false and misleading statements about Defendants' location." (*Id.* ¶ 36.)  Specifically, these results do not indicate that the tours only depart from Newport Beach nor do they indicate that Newport Beach is not close to Long Beach.  (*Id.* ¶¶ 37–38.)  Plaintiffs claim that customers are informed that Defendants' cruises depart from Newport Beach only after they enter Defendants' websites and navigate through various web pages.  (*Id.* ¶¶ 40–51.)

Plaintiffs further claim that Defendants' websites and brochures include statements designed to mislead customers into believing that their cruises depart from other harbors.  For example, Defendants claim they are the "go-to destination for both Long Beach whale watching visitors and residents," (*id.* ¶ 48), they are located "minutes from downtown Los Angeles," (*id.* ¶ 62), and they are close to Los Angeles International

Airport, (*id.* ¶¶ 66–67). In addition, purportedly "to further confuse and distract consumers," Defendants include in their websites recommended hotels and other attractions for visitors in Long Beach. (*Id.* ¶ 53.)

### 3. False Advertisements Relating to Prices

Plaintiffs also claim that Defendants mislead customers about their prices. According to Plaintiffs, Defendants add an undisclosed "fuel charge" and "wharfage fee" to their advertised prices, "which amount[s] to [a] more than 21% increase in the total ticket price." (*Id.* ¶ 76.) These fees are apparently only disclosed on Defendants' websites on the "final purchasing page," before a customer finalizes a purchase. (*Id.* ¶ 75.)

Plaintiffs further allege that when Defendants sell their tickets through Groupon, and not through their own websites, Defendants engage in similar deceptive practices. (*Id.* ¶ 85.) The prices advertised on Groupon do not indicate that any additional fees will be added to the tickets. (*Id.* ¶¶ 87–88.) But, after a customer purchases a ticket through Groupon, and then tries to make a reservation, the customer is charged an additional "fuel surcharge" and "wharfage fee." (*Id.* ¶ 90.) Plaintiffs also claim that these fees are not only belatedly disclosed to a customer, but they are also misleading because the fees collected are not in fact applied to pay for "fuel" and "wharfage." (*Id.* ¶¶ 98–112.)

### 4. State Court Proceedings

The parties were engaged in a prior litigation beginning in 2011 in Los Angeles Superior Court (the "2011 Case"). (*Id.* ¶ 29.) In the 2011 Case, Harbor Breeze sued Newport Landing, Davey's Locker, and their principal, Thor Brisbin. (*Id.*; Dkt. 61-3 Ex.

1 ["2011 Case Compl."][2].)  According to Plaintiffs, "[t]he chief allegation in the [2011 Case] was that Newport Landing and Davey's Locker advertised that they provided whale watching cruises departing directly from a number of harbors throughout Southern California, when in fact they did not."  (Compl. ¶ 29.)  The operative First Amended Complaint in the 2011 Case alleges that Newport Landing and Davey's Locker engaged in various unlawful conduct, including submitting a fake business address in Long Beach, creating misleading website addresses, and posting fake reviews about their services.  (2011 Case Compl. ¶¶ 12–17.)  The 2011 Case allegedly "did not involve any allegations concerning Defendants' false advertising of prices, or hidden fees."  (Compl. ¶ 29.)

Following a jury trial in the 2011 Case, the court entered the following permanent injunction against Newport Landing and Davey's Locker:

> IT IS HEREBY ORDERED that Defendants are hereby enjoined from advertising, soliciting or using the Internet in any way to identify them as being a whale watching provider out of the California cities of, or in, Long Beach, Los Angeles, Dana Point, Santa Barbara and San Diego until such time as they establish a physical presence there; however, Defendants are permitted to advertise, solicit or use the Internet to advertise in these cities as long as they conspicuously state in their advertisement, solicitation or Internet use that they are located in Newport Beach and their vessels depart only from Newport Beach.

(*Id.* ¶ 30.)

After the injunction was entered, in 2014 Harbor Breeze moved for an order finding Newport Landing and Davey's Locker in contempt of the injunction.  (*Id.* ¶ 31.)  The state court declined to enter a finding of contempt, reasoning that the advertisements

---

[2] Defendants' Request for Judicial Notice, (Dkt. 61-3), is GRANTED.  The records are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201.

at issue were either inadvertent or did not violate the terms of the injunction. (*Id.*; Dkt. 61-3 Ex. 5.)

Allegedly, following the contempt proceedings, Newport Landing and Davey's Locker, along with the other Defendants, "have re-tooled their false advertising in an attempt to skirt the injunction and avoid a finding of contempt." (Compl. ¶ 32.) Plaintiffs also allege that in the instant action, Plaintiffs do not "seek to address or to re-litigate any of the issues determined in the [2011 Case]." (*Id.* ¶ 33.) Plaintiffs also do not seek to enforce the injunction. (*Id.*) Rather, Plaintiffs claim they "seek[] remedies for the Defendants' new and continuing misconduct from **after** the contempt proceedings and for wrongdoings from January 1, 2015 to the present date." (*Id.* (emphasis in original).)

### III. LEGAL STANDARD

A court may grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings is substantially identical to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because both permit challenges to the legal sufficiency of the opposing party's pleadings. *Ko v. Eva Airways Corp.*, 42 F. Supp. 3d 1296, 1299 (C.D. Cal. 2012). Judgment on the pleadings is appropriate when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002).

//
//
//

## IV. DISCUSSION

### 1. Res Judicata

"Res judicata bars relitigation in federal court of any state court judgment to the same extent that the state would bar relitigation." *Moore v. City of Costa Mesa*, 678 F. Supp. 1448, 1450 (C.D. Cal. 1987). Under California law, the elements of res judicata are "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). Res judicata is an affirmative defense that ordinarily may not be raised by a motion for judgment on the pleadings. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) ("Ordinarily affirmative defenses may not be raised by motion to dismiss."). Entry of judgment on the pleadings on the basis of res judicata is only appropriate where the nonmoving party raises no disputed issues of fact. *Id*.

Under the first element of the res judicata analysis, California law determines whether two causes of action are identical "by analyzing the primary right at stake." *Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal. App. 4th 1161, 1170 (2003). For example, if "two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id*. "What is critical to the analysis 'is the harm suffered; that the same facts are involved in both suits is not conclusive.'" *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (citing *Agarwal v. Johnson*, 25 Cal. 3d 932 (1970)). "Moreover, California, as most states, recognizes that the doctrine of res judicata will bar not only claims actually

1  litigated in a prior proceeding, but also claims that could have been litigated." *Palomar*
2  *Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993).

4  Here, Defendants argue that the instant case involves the same primary rights
5  asserted in the 2011 Case. (Mot. at 9.) Defendants characterize the primary right at issue
6  as "false advertising tactics aimed at deceiving the public." (*Id*.) Plaintiffs dispute
7  Defendants' contention and assert that they "are seeking remedies for new claims that
8  have caused new injuries which occurred years after the judgment in the [2011 Case]."
9  (Dkt. 62 [Opposition] at 3.) Specifically, Plaintiffs point out that they are bringing claims
10 for false advertisements and "deceptive pricing practices [that] were not and could not
11 have been litigated in [the 2011 Case]." (*Id*.)

13 Res judicata "does not prevent a reexamination of the same questions between the
14 same parties where in the interim the facts have changed or new facts have occurred
15 which may alter the legal rights of the parties." *City of Oakland v. Oakland Police &*
16 *Fire Ret. Sys.*, 224 Cal. App. 4th 210, 230 (2014), *as modified on denial of reh'g* (Mar.
17 26, 2014). The parties dispute whether new intervening facts exist, so Plaintiffs'
18 allegations are accepted as true for purposes of this motion. Plaintiffs allege that
19 Defendants have engaged in new advertising schemes, since January 1, 2015, that took
20 place after the final judgment in the 2011 Case. These schemes include manipulating
21 Google search results, tailoring their websites for Long Beach tourists, and failing to
22 disclose additional fees to their prices. Plaintiffs claim that these actions constitute
23 unlawful conduct that arose after the 2011 Case and fall outside of the scope of the
24 allegations and permanent injunction entered there.

26 Construing the allegations in Plaintiffs' favor, Plaintiffs are vindicating different
27 primary rights because the 2011 Case and the instant case involve different advertising
28 schemes and false statements. That the two advertising schemes may be misleading for

some of the *same reasons*—i.e., that Defendants do not operate in cities other than Newport Beach—does not mean that the two cases involve the same primary right. Plaintiffs are not now barred from complaining of new statements and misrepresentations, which arose after judgment was entered in the 2011 Case and which fall outside the scope of the permanent injunction. Defendants are not immune from all claims of misleading advertising simply because they litigated a claim that an older advertising scheme was misleading. The first element of res judicata is not satisfied, so the Court need not consider the remaining two elements.

### 2. Forum Non Conveniens

Defendants also ask the Court to dismiss Plaintiffs' Lanham Act claim on the ground of forum non conveniens and to decline to exercise supplemental jurisdiction over the remaining state law claims. (Mot. at 17.) Defendants argue that because the permanent injunction entered in the 2011 Case will govern the state law claims here, state court is the more convenient forum for this action. (*Id*. at 18.) In short, Defendants request dismissal of this action, which is in federal court in the Central District of California, because state court in Los Angeles County is a more convenient alternate forum.

Defendants' argument is without merit. Defendants improperly invoke the doctrine of forum non conveniens, which "survives in federal court only when the alternative forum is in a *foreign country*." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) (emphasis added). Defendants' proposed alternative forum is clearly not a foreign country.

//

Moreover, Defendants fail to demonstrate how the balance of private and public interest factors favors dismissal for forum non convenience. *Boston Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009) ("A party seeking dismissal of an action on forum non conveniens grounds 'must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal.'"). Defendants only state, in conclusory fashion, that dismissal is warranted to avoid the risk of inconsistent judgments. But, based on Plaintiffs' allegations, there is no risk of inconsistent judgments because the permanent injunction in the 2011 Case does not cover the conduct alleged to be wrongful here. Defendants' argument is therefore unsubstantiated. Defendants also fail to make any other showing that the private or public interests favor litigation of this case in another forum.

**V. CONCLUSION**

For the foregoing reasons, Defendants' motion for judgment on the pleadings is DENIED.

DATED:   February 14, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE