Todd R. Wulffson, State Bar No. 150377
twulffson@cdflaborlaw.com
Lindsay A. Ayers, State Bar No. 225485
layers@cdflaborlaw.com
Denisha P. McKenzie, State Bar No. 285137
dmckenzie@cdflaborlaw.com
Alessandra C. Whipple, State Bar No. 308348
awhipple@cdflaborlaw.com
Michael Armstrong, State Bar No. 309816
marmstrong@cdflaborlaw.com
CAROTHERS DISANTE & FREUDENBERGER LLP
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone:  (949) 622-1661
Facsimile:  (949) 622-1669

Attorneys for Defendants
NEWPORT LANDING SPORTFISHING, INC.;
DAVEY'S LOCKER SPORTFISHING, INC.;
OCEAN EXPLORER, INC.; FREELANCE
SPORTFISHING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HARBOR BREEZE CORPORATION, a California Corporation; and L.A. WATERFRONT CRUISES, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>NEWPORT LANDING SPORTFISHING, INC., a California Corporation; DAVEY'S LOCKER SPORTFISHING, INC., a California Corporation; OCEAN EXPLORER, INC., a California Corporation; FREELANCE SPORTFISHING, INC., a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No. 8:17-CV-01613 CJC (DFM)<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Action Filed:   September 15, 2017 |

Defendants NEWPORT LANDING SPORTFISHING, INC., DAVEY'S LOCKER SPORTFISHING, INC., OCEAN EXPLORER, INC., and FREELANCE SPORTFISHING, INC. (collectively, "Defendants") hereby submit the following Memorandum of Contentions of Fact and Law pursuant to Local Rule 16-4.

## MEMORANDUM OF CONTENTIONS OF FACT AND LAW

### A. Plaintiffs' Claims:

#### 1. Claim 1

Plaintiffs claim that Defendants engaged in false advertising under the Lanham Act § 43(A).

### Elements Required to Establish Plaintiffs' Claim For False Advertising Under Lanham Act § 43(A)

1. Defendants made a false statement of fact in a commercial advertisement about their own or another's product;
2. The statement actually deceived or has the tendency to deceive a substantial segment of its audience;
3. The deception is material, in that it is likely to influence the purchasing decision;
4. The defendants caused their false statement to enter interstate commerce; and
5. The Plaintiffs have been or are likely to be injured as a result of the false statement, either by direct diversion of sales from themselves to Defendants or by a lessening of the goodwill associated with their products.

*See Southland Sod Farms v. Stover Seed Co.* (9th Cir.1997) 108 F.3d 1134, 1139.

The plaintiff has the burden of proving all of the elements under the Lanham Act. In order to be false advertising, the alleged misrepresentation must be material in that it

2

Case No. 8:17-CV-01613 CJC (DFM)
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1469452.1

would influence consumers' purchasing decisions. A Lanham Act false advertising claim based on a materially misleading statement requires proof of **actual consumer deception**. Lanham Trade-Mark Act, § 43(a), 15 U.S.C.A. § 1125(a). Defendants deny that any of their advertisements at issue in this case are false, misleading, or otherwise violate the Lanham Act or the California *Business and Professions Code*.

### 2. Claim 2

Plaintiffs claim that Defendants violated California *Business and Professions Code* § 17200.

**Elements Required to Establish Plaintiffs' Claim For Unfair Business Practices Under *Business and Professions Code* § 17200**

To show that a business practice is "unlawful" under section 17200 of the *Business and Professions Code*, a plaintiff must show that the practice is prohibited by statute or regulation. *Stop Youth Addiction v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1985); *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992). A section 17200 claim necessarily fails if the plaintiff cannot identify a violation of the statute supporting the claim. *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Plaintiffs' section 17200 claim is a piggy-back claim based on the same allegations of Plaintiffs' false advertising claim under the Lanham Act § 43(A). In these circumstances, if the underlying claim fails as a matter of law, so too does the section 17200 claim. *Whiteside v. Tenet Healthcare Corp.*, 101 Cal. App. 4th 693, 706 (2002). Thus, the same evidence offered to defeat Plaintiffs' Lanham Act § 43(A) will demonstrate that the unfair competition claim likewise fails. Defendants deny that any of their advertisements at issue in this case are false, misleading, or otherwise violate the Lanham Act or the California *Business and Professions Code*.

### 3. Claim 3

Plaintiffs' claims that Defendant violated California *Business and Professions Code* § 17500.

### Elements Required to Establish Plaintiff's Claim For False Advertising Under *Business and Professions Code* § 17500

To state a claim for false advertising, Plaintiffs must show that (1) the statements in the advertising are untrue or misleading and (2) the defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading. *See People v. Lynam*, 253 Cal.App.2d 959, 965 (1967); *See also Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172 (2002). Defendants deny that any of their advertisements at issue in this case are false, misleading, or otherwise violate the Lanham Act or the California *Business and Professions Code*.

## B. Defendants' Affirmative Defenses and Key Evidence Supporting Each:

### 1. First Affirmative Defense

Plaintiff's claims are barred by the doctrine of res judicata.

### Elements Required to Establish Defendant's Affirmative Defense

Plaintiffs' additional Lanham Act claim for false advertising also involves the same primary rights asserted in the State Court Action -- the right to recover damages caused by Defendants' allegedly false advertising -- and, as such, is barred. See *Palomar Mobile Home Park Ass'n v. City of San Marcos*, 989 F.2d 363, 364 (9th Cir. 1993) (failure to plead federal constitutional violations in the state court complaint does not affect the application of res judicata).

### Key Evidence and Facts Supporting Defendants' Affirmative Defense

The Complaint, and each purported cause of action contained therein, is barred by the doctrine of res judicata. The facts supporting this affirmative defense include, but are not limited to, the following: HBC obtained a Permanent Injunction on January 25, 2013, based on the same claims plead in the instant dispute, in an action entitled *Harbor Breeze Corporation v. Newport Landing Sportfishing, Inc., Davey's*

*Locker Sportfishing, Inc., and Thor V. Brisbin*, Los Angeles Superior Court Case Number NV055887, and a related contempt proceeding filed on June 24, 2014 ("State Court Action").  The same facts (misleading internet advertising) were alleged and at issue in the State Court Action.  Like the instant lawsuit, the State Court Action alleged that Defendants harmed HBC's business by allegedly misleading customers through their websites and on-line advertising.  Accordingly, the Complaint relates to the same primary rights asserted in the State Court Action.  Specifically, Plaintiffs allege violation of California Business and Professions Code Sections 17200 and 17500 – the same claims alleged in the State Court Action.  Accordingly, these claims are barred by the doctrine of res judicata.  Plaintiffs' additional Lanham Act claim for false advertising also involves the same primary rights asserted in the State Court Action -- the right to recover damages caused by Defendants' allegedly false advertising -- and, as such, is barred.  *See Palomar Mobile Home Park Ass'n v. City of San Marcos*, 989 F.2d 363, 364 (9th Cir. 1993) (failure to plead federal constitutional violations in the state court complaint does not affect the application of *res judicata*).

### 2. Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of issue and/or claim preclusion.

**Elements Required to Establish Defendant's Affirmative Defense**

Plaintiffs' additional Lanham Act claim for false advertising also involves the same primary rights asserted in the State Court Action -- the right to recover damages caused by Defendants' allegedly false advertising -- and, as such, is barred. See *Palomar Mobile Home Park Ass'n v. City of San Marcos*, 989 F.2d 363, 364 (9th Cir. 1993) (failure to plead federal constitutional violations in the state court complaint does not affect the application of res judicata).

**Key Evidence and Facts Supporting Defendants' Affirmative Defense**

The facts supporting this affirmative defense include, but are not limited to, the following: HBC obtained a Permanent Injunction on January 25, 2013, based on

the same claims plead in the instant dispute, in an action entitled *Harbor Breeze Corporation v. Newport Landing Sportfishing, Inc., Davey's Locker Sportfishing, Inc., and Thor V. Brisbin*, Los Angeles Superior Court Case Number NV055887, and a related contempt proceeding filed on June 24, 2014 ("State Court Action"). The same facts (misleading internet advertising) as well as improper fuel surcharges and other fees were alleged and at issue in the State Court Action. Like the instant lawsuit, the State Court Action alleged that Defendants harmed HBC's business by allegedly misleading customers through their websites and on-line advertising. Accordingly, the Complaint relates to the same primary rights asserted in the State Court Action. Specifically, Plaintiffs allege violation of California Business and Professions Code Sections 17200 and 17500 – the same claims alleged in the State Court Action. Accordingly, these claims are barred by the doctrine of issue and/or claim preclusion.

### 3. Third Affirmative Defense

Plaintiff's claims are barred by the statute of limitations established by the California *Code Civil of Procedure* §§ 338(d) and 343.

**Elements Required to Establish Defendant's Affirmative Defense**

Plaintiffs' First Cause of Action for False Advertising under the Lanham Act § 43(A) is barred by the 3-year statute of limitations applicable to fraud claims under California law. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002). Plaintiffs' Second Cause of Action for Violation of Cal. Bus & Profs. Code § 17200 is barred by the 4-year statute of limitations for unfair competition claims under California law, which is applicable even where such claim is based on an underlying law with its own separate statute of limitations. See California *Code of Civil Procedure* § 343; *Beaver v. Tarsadia Hotels*, 816 F.3d 1170 (9th Cir.), cert. denied, 137 S. Ct. 113 (2016). Plaintiffs' Third Cause of Action for Violation of Cal. Bus & Profs. Code § 17500 is barred by the 3-year limitations period for false and misleading advertising claims under California law. See California *Code of*

*Procedure* § 338(d); *Rodarte v. Philip Morris, Inc.*, No. CV03-0353FMC (CTX), 2003 WL 23341208.

### Key Evidence and Facts Supporting Defendants' Affirmative Defense

The claims alleged by Plaintiffs extend back to the State Court Action, filed in 2011. Therefore, whatever allegations Plaintiffs could have but failed to allege in the State Court Action are now time-barred. Defendants will present evidence showing that certain advertisements and fees complained of by Plaintiffs were properly disclosed in advertisements and disclosures well prior to the applicable statute of limitations periods in this case.

### 4. Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of Estoppel.

### Elements Required to Establish Defendant's Affirmative Defense

The elements of estoppel include that: (1) a representation or concealment of material facts, (2) made with actual or virtual knowledge of the facts, (3) to a party who is actually or permissibly ignorant of the truth, (4) with the actual or virtual intention that the latter party act on the representation or concealment, and (5) in fact, the latter party was induced so to act to that party's detriment. Schwing Carr, *California Affirmative Defenses*, Chapter 34:1 (2018).

### Key Evidence and Facts Supporting Defendants' Affirmative Defense

The facts supporting this affirmative defense include, but are not limited to, the following: HBC obtained a Permanent Injunction on January 25, 2013, based on the same claims plead in the instant dispute, in the State Court Action. The same facts (misleading internet advertising) were alleged and at issue in the State Court Action. Like the instant lawsuit, the State Court Action alleged that Defendants harmed HBC's business by allegedly misleading customers through their websites pricing and on-line advertising. All of Defendants' post-2013, and future, internet advertising is subject to and governed by that Preliminary Injunction. Now, three years later, Plaintiffs and their newest counsel are attempting to forum shop by filing

the instant action in Federal Court styled as a Lanham Act case that ignores the jurisdiction of the existing injunction. Plaintiffs' assertion of a new legal basis (for the same claims) under the Lanham Act does not provide them with the basis to re-litigate their claims in Federal Court. They waived their right to pursue a Lanham Act Claim as a separate legal theory by failing to allege it in the 2011 lawsuit and are, therefore, estopped from asserting it now.

Furthermore, Plaintiffs have engaged, and continue to engage, in bad faith and inequitable conduct that is directly related to the subject matter of Plaintiffs' claims in this Action. Specifically, Plaintiffs have maintained websites and advertised to target Newport Beach residents, and engaged in conduct similar to that complained of regarding Defendants. Plaintiffs have used employees, attorneys and agents to perform inaccurate surveillance and other tactics in an attempt to create a "new" lawsuit which Plaintiffs knew was subject to a permanent injunction. Plaintiffs have also charged for years similar fees to those Plaintiffs allege create "unfair" ads on the part of Defendants.

### 5. Fifth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Elements Required to Establish Defendant's Affirmative Defense of Unclean Hands

In order to prevail on an unclean hands defense, "the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, 258 F.R.D. 663, 665–66 (W.D. Wash. 2009). In fact, in *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, the 9th Circuit held that for a plaintiff to "prevail ... [e]quity requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue. 826 F.2d 837, 847 (9th Cir. 1987) (emphasis added). "[I]t is one of the fundamental principles upon which equity jurisprudence is founded, that before a complainant can have a standing in court he must first show

that not only has he a good and meritorious cause of action, but he must come into court with clean hands." *See* e.g. *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244 (1933).

The application of the unclean hands defense to a Lanham Act claim, is proffered by the court in *POM Wonderful LLC v. Coca Cola Co.,* which held that the unclean hands defense applies to a plaintiff's misconduct when it "pertain[s] to the very **subject matter involved** and affect the equitable relations between the litigants." 166 F. Supp. 3d 1085, 1086. Notably, however, *Pom Wonderful* made clear that "'precise' **similarity is not required** - the bad faith must be '**relative to the matter** in which [the plaintiff] seeks relief.' " *Pom Wonderful*, 737 F. Supp. 2d at 1110; *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,* 324 U.S. 806, 814 (1945) (emphasis added). In addition a "plaintiff should not in his trade mark, or in his advertisements and business, be himself **guilty of any false or misleading representation.**" *Japan Telecom, Inc. v. Japan Telecom America Inc.* (9th Cir. 2002) 287 F3d 866, 870 (emphasis added).

### Key Evidence and Facts Supporting Defendants' Affirmative Defense

The application of the unclean hands defense applies to this matter precisely because Plaintiffs have engaged in the same or similar conduct about which they complain Defendants engaged (*i.e*., improper disclosures in advertisements, misleading consumers about Plaintiffs' actual location, the underlying basis of the fees charged is false). Specifically, Plaintiffs engage in fraudulent charges, as reflected in their charter cruise contract, wherein a 5% dock fee is charged (despite Plaintiffs claims that they do not charge dock fees and they actually own the docks), Plaintiffs charge a $2 convenience fee that is not disclosed on Plaintiffs' advertisements (both online and in print) or websites, and Plaintiffs' claims in their advertisements that they are "minutes away" from Disneyland and Orange County, California when they are based out of Long Beach and San Pedro, California. In fact, customers do not learn about Plaintiffs' convenience fees until they go to Plaintiffs'

website and when they check-out, at which point the total cost of the ticket is provided to customers before the customer completes the purchase. Plaintiffs claim that Defendants engaged in violations of the Lanham Act for the very same conduct, that is consumers are notified of all additional fees as part of Defendants' terms and conditions prior to the consumers' final checkout and purchase of a ticket.

### 6. Sixth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

**Elements Required to Establish Defendant's Affirmative Defense of Laches**

Laches is an "[u]nreasonable delay in pursuing a right or claim … in a way that prejudices the party against whom relief is sought." Black's Law Dictionary 726 (8th abr. ed. 2004). "The limitations period for laches starts when the plaintiff 'knew or should have known about its potential cause of action.'" *Internet Specialties West, Inc. v. Milon-DiGiorgio Enterprises, Inc.* (9th Cir. 2009) 559 F3d 985, 990. Moreover, courts have held that "the presumption of laches is triggered if any part of the claimed wrongful conduct occurred beyond the limitations period." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.* (9th Cir. 2002) 304 F3d 829, 837.

California recognizes no artificial rules as to the lapse of time or the degree of prejudice necessary before laches becomes available. The elements of laches are:

1. the failure to assert a right;
2. for some appreciable period so as to amount to unreasonable delay; and
3. which results in prejudice to the adverse party. *Magic Kitchen LLC v. Good Things Int'l Ltd.,* 1536 Cal.App.4th 1144, 1157.

**Key Evidence and Facts Supporting Defendants' Affirmative Defense**

The facts supporting this affirmative defense include, but are not limited to, the following: HBC obtained a Permanent Injunction on January 25, 2013, based on a prior lawsuit in which virtually the same claims in the 2011 State Court Action were plead as those in the instant dispute. Like the instant lawsuit, the State Court Action alleged that Defendants harmed Plaintiffs' business by allegedly misleading

customers through their websites and on-line advertising about Defendants' location and additional fees charged to customers. Plaintiffs have been on notice of Defendants' alleged internet advertising practices since the State Court Complaint was filed in 2011; however, Plaintiffs waited until late-2017 to bring the instant action, instead of utilizing the Permanent Injunction or other available state-court remedies, in an effort to unfairly increase potential damages in this case and "forum shop" for a venue that Plaintiffs believed would be more favorable, particularly given that the state court denied Plaintiff's claim in a prior 2015 Contempt Proceeding where the State Court determined that the same advertising at issue in this action <u>did not</u> violate the Permanent Injunction related to Defendants' disclosure of its location in advertisements.

Next, Plaintiffs have been aware of Defendants' fuel charges *since* the 2011 State Court Action. In fact, Ralph Daniel Salas, HBC's sole owner, testified in the State Court Action that he was aware that Defendants' were charging a fuel surcharge. *See* Salas Depo. State Court Action p. 9:23-10:16. Further, Donald Brockman, President of Davey's Locker Sportfishing, Inc., testified in the State Court Action that Davey's Locker Sportfishing, Inc. charged a fuel surcharge. *See* Brockman Depo. State Court Action p. 159:3-8. In short, Plaintiffs have known about Defendants' fees for *years* prior to brining the instant lawsuit.

Plaintiffs' Lanham Act claim for false advertising also involves the primary rights asserted in the State Court Action — namely, the right to recover damages caused by Defendants' allegedly false advertising. Accordingly, Plaintiffs had actual notice of the claimed wrongful conduct relevant to this Action since the State Court Action in 2011, and failed to act within the statute of limitations periods applicable to their claims. Plaintiffs' unreasonable delay in pursuing their alleged claims under 15 U.S.C.A. § 1125(a) and Business & Professions Code § 17500 and 17200 has unfairly and severely prejudiced Defendants by forcing them to spend significant resources on the instant action.

### 7. Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver to the extent Plaintiffs, by their actions, have waived their right to recovery.

### Elements Required to Establish Defendant's Affirmative Defense

A waiver occurs when "a party intentionally relinquishes a right" or "when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Salyers v. Metro. Life Ins. Co.,* 871 F.3d 934, 938 (9th Cir. 2017); *See* also I*ntel Corp. v. Hartford Accident & Indem. Co.,* 952 F.2d 1551, 1559 (9th Cir. 1991).

### Key Evidence and Facts Supporting Defendants' Affirmative Defense

The facts supporting this affirmative defense include, but are not limited to, the following: HBC obtained a Permanent Injunction on January 25, 2013, based on the same claims plead in the instant dispute, in the State Court Action. The same facts (misleading internet advertising) were alleged and at issue in the State Court Action. Like the instant lawsuit, the State Court Action alleged that Defendants harmed HBC's business by allegedly misleading customers through their websites and on-line advertising. Plaintiffs have been on notice of Defendants' alleged internet advertising practices since the State Court Complaint was filed in 2011. In addition, Plaintiffs' have been aware of Defendants' fuel charges since the State Court Action. In fact, Ralph Daniel Salas, HBC's sole owner, testified in the State Court Action that he was aware that Defendants' were charging a fuel surcharge. *See* Salas Depo. State Court Action p. 9:23-10:16. Further, Donald Brockman, President of DLSF, testified in the State Court Action that DLSF charged a fuel surcharge and that it did not need permission to do so. *See* Brockman Depo. State Court Action p. 159:3-8. In short, Plaintiffs have known about Defendants' fees for years. Plaintiffs' Lanham Act claim for false advertising also involves the primary rights asserted in the State Court Action — namely, the right to recover damages caused by Defendants' allegedly false advertising. Accordingly, Plaintiffs had actual notice of

the claimed wrongful conduct relevant to this Action since the State Court Action, and failed to act within the statute of limitations periods applicable to their claims. As such, Plaintiffs waived their alleged claims under 15 U.S.C.A. § 1125(a) and Business & Professions Code § 17500 and 17200 and have unfairly and severely prejudiced Defendants by forcing them to spend resources on the instant action.

### 8. Eight Affirmative Defense

Plaintiff's claims are barred on grounds that Plaintiffs, in the exercise of reasonable diligence, could have mitigated the instant Action and that Plaintiffs failed to exercise such reasonable diligence and have not mitigated such litigation.

**Elements Required to Establish Defendant's Affirmative Defense**

Under California law, whether the defendant's conduct was intentional or negligent, innocent or malicious, a plaintiff injured by the defendant's wrongful conduct is bound to 'exercise reasonable care and diligence to avoid loss or minimize the resulting damages and cannot recover for losses which might have been prevented by reasonable efforts and expenditures on his part.'" *Steelduct Co. v. Henger-Seltzer Co.*, 2 Cal.2d 634, 649 (1945).

**Key Evidence and Facts Supporting Defendants' Affirmative Defense**

The facts supporting this affirmative defense include, but are not limited to, the following: HBC obtained a Permanent Injunction on January 25, 2013, based on the same claims plead in the instant dispute, in the State Court Action. All of Defendants' post-2013, and future, internet advertising is subject to and governed by that Preliminary Injunction. Over a year after entry of the Permanent Injunction, on June 24, 2014, HBC filed an Application for the Issuance of an OSC re Contempt for Defendants alleged willful and ongoing violation of the Court's Permanent Injunction in the State Court Action which was tried before the Honorable Judge Ross M. Klein. In the 2014 proceedings, HBC alleged that Defendants' websites and online advertising were misleading, in the same manner as alleged in the Instant Action. They also argued that Defendants' search engine optimization efforts were

somehow improper, solely based on returns from Google searches, just like the instant action. *See* Complaint ¶¶ 35-54, 70-84, Docket No. 1. On January 2, 2015, the Court denied HBC's Application, finding that Defendants had not violated the Court's Permanent Injunction. As such, if Defendants allegedly engaged in false and misleading advertising thereafter, Plaintiffs should pursue enforcement of the Permanent Injunction, just as they did before. Instead, Plaintiffs brought this Action in the United States District Court for the Central District of California alleging causes of action for (1) False Advertising, Lanham Act § 43(A); (2) Violation of the California Business and Professions Code § 17200; and (3) Violation of the California Business and Professions Code § 17500. *See* Complaint Docket No. 1.

Dated: May 13, 2019

CAROTHERS DISANTE & FREUDENBERGER LLP

By: /s/ Denisha P. McKenzie
    Denisha P. McKenzie
Attorneys for Defendants
NEWPORT LANDING SPORTFISHING, INC.;
DAVEY'S LOCKER SPORTFISHING, INC.;
OCEAN EXPLORER, INC.; FREELANCE SPORTFISHING, INC.