# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| HARBOR BREEZE CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NEWPORT LANDING SPORTFISHING, INC., et al., <br><br> Defendants. | Case No.: SACV 17-01613-CJC(DFMx) <br><br> **JUDGMENT AND PERMANENT INJUNCTION** |

//

Plaintiffs Harbor Breeze Corporation and L.A. Waterfront Cruises, LLC brought this action against Defendants Newport Landing Sportfishing, Inc., Daveys Locker Sportfishing, Inc., Ocean Explorer, Inc., and Freelance Sportfishing, Inc. At trial, the jury found Defendants were liable for false advertising.

Plaintiffs subsequently filed a Motion for a Permanent Injunction. Good cause showing, the Court **GRANTS** Plaintiffs' Motion and **ORDERS** that Defendants, their owners, officers, directors, assignees, transferees, employees, agents, and representatives, and all other persons, firms, or entities acting in concert or participating with them, who receive notice of the injunction are hereby enjoined as follows:

1. Defendants may not falsely or deceptively represent in their advertising that they operate out of any city other than Newport Beach, specifically:

    a. If Defendants use more than once the name of a city other than Newport Beach in a printed or online advertisement or on a webpage owned or operated by Defendants, Defendants shall clearly state at the top of the page/content, in a banner of at least the same type appearing on the page or screen and at least one-quarter inch high and of a single color, size and typeface (and clearly readable against any background behind the text), that "All of Cruises Depart from Newport Beach."

    b. Defendants may freely use variations of Newport, Newport Beach, Newport Harbor, Newport Landing, Orange County, and Southern California, without triggering the disclosure requirements in Paragraph 1a.

//

      c.      "A city other than Newport Beach" includes any city in any state in the United States and is not limited to Long Beach, San Pedro, Los Angeles, Santa Monica, Malibu, Redondo, Marina del Rey, Manhattan Beach, Venice Beach, Huntington Beach, Dana Point, San Diego, Santa Barbara, or Palm Springs.

2.    Defendants may not falsely or deceptively represent the cost of their tickets, specifically:

      a.      In any printed or online advertisement or webpage owned or operated by Defendants stating a price for a ticket, the price stated shall be the entire final cost of the ticket exclusive only of any legally collected sales tax, and of any optional, add-on services or goods (such as for food, drinks, the use of binoculars or fishing gear, etc.) that may be chosen or rejected at the purchaser's sole discretion. (The costs of such additional, optional, add-on services or goods need not be disclosed in the advertisement.)

      b.      In any printed or online advertisement or webpage owned or operated by Defendants stating a price for a ticket, to the extent that the ticket price may be for a particular day, time, or category of passenger (i.e., child or senior), the advertisement or website shall clearly disclose the price is applicable only for that date, time, or category of passenger.

      c.      In any offering by Defendants on Groupon, Living Social, Viator, or any similar third-party site on which users purchase vouchers or a similar device entitling users to later exchange the voucher or other device for a ticket or reservation on one of Defendants' cruises,

Defendants may not charge any additional amounts in order to redeem the voucher or other device for a reservation or ticket other than for optional, add-on services or goods (such as for food, drinks, the use of binoculars or fishing gear, etc.) that may be chosen or rejected at the purchaser's sole discretion. This does not include any fees charged by Groupon, Living Social, Viator, or a similar third-party site.

      d.      To the extent that the voucher or similar device may be used only for a particular day, time, or category of passenger (i.e., child or senior), Defendants may charge a supplement to redeem the voucher or other device for a different date, time, or category of passenger, provided that the exact additional charges for such other dates, times, or categories of passenger are clearly disclosed in the text of the offering.

It is further **ORDERED** that this Court shall retain jurisdiction over this matter for all purposes. Should Defendants begin to operate on an ongoing basis from any location in Southern California outside Newport Beach, they may petition the Court for an appropriate modification of this Permanent Injunction.

DATED:    August 26, 2019

                                      CORMAC J. CARNEY
                                      UNITED STATES DISTRICT JUDGE