**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANIEL C. DECARLO, SB# 160307
  dan.decarlo@lewisbrisbois.com
THOMAS S. KIDDÉ, SB# 61717
  thomas.kidde@lewisbrisbois.com
JOSHUA S. HODAS, SB#250802
  josh.hodas@lewisbrisbois.com
ESTHER Y. SHIN, SB# 324049
  esther.shin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Harbor Breeze Corporation, a California corporation; and L.A. Waterfront Cruises, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Newport Landing Sportfishing, Inc., a California corporation; Davey's Locker Sportfishing, Inc., a California corporation; Ocean Explorer, Inc., a California corporation; Freelance Sportfishing, Inc., a California corporation; and DOES 1–10,<br><br>Defendants. | CASE NO. 8:17-cv-01613-CJC-DFM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>The Hon. Cormac J. Carney<br><br>Hearing Date: January 27, 2020<br><br>Time: 1:30 pm<br><br>Courtroom: 7C |

TO THIS HONORABLE TRIAL COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 27, 2020, in Courtroom 7C of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiffs Harbor Breeze Corporation and L.A. Waterfront Cruises, LLC ("Plaintiffs") will and hereby do move the Court for an Order imposing sanctions on Defendants Newport Landing Sportfishing, Inc., Davey's Locker Sportfishing, Inc., Ocean Explorer, Inc., and Freelance Sportfishing, Inc. ("Defendants") and their counsel, Carothers Disante & Freudenberger LLP, for violations of Rule 11, in particular by their failure to conduct an inquiry, reasonable under the circumstances, into certain factual contentions made in Defendants' Opposition (Dkt # 334) to Plaintiffs' Motion for Contempt.

This Motion is based on this notice of motion and motion, the memorandum of points and authorities and declaration filed in support, the existing record in this matter, and any other matters Plaintiffs may present to this Court at the hearing on this Motion.

This Motion is made following expiration of the Rule 11 safe harbor period which was triggered by service of a copy of this Motion upon Defendants counsel on December 6, 2019 and which expired twenty-one days later on December 27, 2019. (Declaration of Joshua S. Hodas, ¶ 2, Exh. A-C.) A telephonic meet and confer under Local Rule 7-3 was held on December 20, 2019. (*Id.*)

Respectfully Submitted:

DATED: December 30, 2019

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Joshua S. Hodas
Joshua S. Hodas
Daniel C. Decarlo
Thomas S. Kiddé
Esther Y. Shim
**Attorneys for Plaintiffs**

# TABLE OF CONTENTS

I. Introduction ........................................................................................................ 1

II. Legal Standard ................................................................................................... 1

III. Key Arguments in Defendants' Opposition to the Motion for Contempt Were Clearly Made Without any Evidentiary Support and Without "an Inquiry Reasonable Under the Circumstances" ......................................................... 2

    A. Every Example Advertisement Used in Plaintiffs' Motion Was Collected in the Two Days Before Filing ........................................................ 3

    B. Contrary to Defendants' Sworn Statements, the Mobile Version of the Newportwhales.com $16 Long Beach Advertisement Remained Non-Compliant at the Time Plaintiffs' Filed Their Reply ........................... 4

IV. Defendants and Their Counsel Should be Sanctioned ............................................ 8

V. Conclusion ......................................................................................................... 9



# TABLE OF AUTHORITIES

## Cases

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990) ............................................................................................. 2

*Truesdell v. Southern California Permanente Medical Group*,
    293 F.3d 1146 (9th Cir. 2002) ............................................................................. 2

## Rules and Regulations

Fed. R. Civ. P. 11(b) ................................................................................................. 2



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Throughout this litigation, Defendants' filings have regularly skirted close to the line with respect to Rule 11, making various arguments whose only purpose appeared, under the circumstances, to be to cause unnecessary delay or increase the cost of litigation, and which substantially misrepresented the facts.

With their Opposition to Plaintiffs' Motion for Contempt, Defendants, and their counsel finally and decisively crossed over the line and their transgressions cannot be ignored. In particular, in their Opposition, Defendants made a series of statements entirely lacking in evidentiary support (and clearly made without any reasonable inquiry) that, taken together, effectively accused Plaintiff's counsel of perjury and the doctoring of evidence. These scurrilous unsupported statements should be sanctioned. Legitimate, zealous advocacy does not include making scandalous statements that have no basis in fact. That kind of advocacy must be rebuked so as to insure that the conduct is not repeated.[1]

## II. LEGAL STANDARD

Rule 11(b) provides that

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> 1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[1] On December 26, 2019, Defendants filed a Notice of Errata (dkt # 343) to their Opposition to the Motion for Contempt. As will be set forth in Plaintiffs' Reply, that Errata did not serve to withdraw or appropriately correct the misrepresentations at issue here, and the filing of this Motion is, therefore, unfortunately, still necessary.

2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The purpose of Rule 11 is to deter baseless filings in the federal court system. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Thus, Rule 11 authorizes a district court to impose sanctions on lawyers or parties (or both) for submissions that are filed for an improper purpose or without a reasonable investigation of the facts and law necessary to support their claims. *Truesdell v. Southern California Permanente Medical Group*, 293 F.3d 1146, 1153 (9th Cir. 2002) ("The district court concluded that Plaintiff's complaint was sanctionable because it was both legally frivolous and factually misleading. Rule 11(c) allows sanctions if a filing suffers from *either* of those defects. *See* Fed.R.Civ.P. 11(b)(2), (3). The district court did not err in ruling that Plaintiff's complaint suffered from both kinds of defects.").

### III. KEY ARGUMENTS IN DEFENDANTS' OPPOSITION TO THE MOTION FOR CONTEMPT WERE CLEARLY MADE WITHOUT ANY EVIDENTIARY SUPPORT AND WITHOUT "AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES"

Repeatedly throughout their Opposition to Plaintiffs' Motion for Contempt, Defendants argued that Plaintiffs relied, in their Motion, on "partial screenshots of" "outdated versions of already-updated websites" that "Plaintiffs admit were captured prior to the date upon which Defendants' website and advertising updates were finalized" "that are devoid of a date of capture" and "selectively and conspicuously omit pertinent language on almost all of Defendants' current advertisements." (Opp.,

Dkt # 334, at 1:17-19, 2:9-16; 12:16-17; 19:6-7.) Defendants conclude that this was a "knowing[] misrepresentation[]" intended to "create a false narrative" and "false impression" that amounts to "false and blatantly misleading claims" made "apparently to mislead this Court." (Opp., Dkt # 334, at 1:15-16, 1:19, 1:27, 2:10, 2:14-15, 2:19, 8:15-16, 9:8-9, 19:7-8.)

There is little way to read this other than as an accusation that Plaintiffs had doctored the evidence accompanying their Motion, and, effectively, committed their own Rule 11 violation, if not, in fact, perjury. How else can one read the statement that Plaintiffs were making a "knowing[] misrepresentation[]" "apparently to mislead this Court."

Plaintiffs will not, here, direct the same accusation of perjury at Defendants' counsel. Indeed, Plaintiffs hope that these were not deliberate lies. However, each of the statements above would have been disproved by the very most cursory independent examination of Defendants' relevant webpages, all of which were clearly identified in the Motion and supporting declaration. Thus, if these were not deliberate lies, then the only explanation is that Defendants' counsel included these accusations without any inquiry at all, let alone one "reasonable under the circumstances." Thus, regardless of whether they were deliberate lies or merely signal a complete lack of diligence by Defendants' counsel, these statements, therefore, are sanctionable.

### A. EVERY EXAMPLE ADVERTISEMENT USED IN PLAINTIFFS' MOTION WAS COLLECTED IN THE TWO DAYS BEFORE FILING

In their Opposition, Defendants claimed that Plaintiffs relied, in their Motion, on "partial screenshots of" "outdated versions of already-updated websites" "that [were] devoid of a date of capture." This is false.

The images contained within the Memorandum in support of the Motion *were* abridged screenshots, each focusing on the most relevant part of a given advertisement. However, in every instance, the screenshot was accompanied by a citation to the supporting declaration of Plaintiffs' counsel, Josh Hodas. In each case, the declaration

1) attached as an exhibit a printout of the **entire** web page from which the screenshot in the memorandum was derived, 2) provided the complete URL of the captured page, and, most importantly, 3) included a statement by Plaintiffs' counsel, sworn under penalty of perjury, as to the date on which he **personally** captured the exhibit from the Internet. (*See*, Hodas Decl. ISO Motion, Dkt. # 331, *generally*.)

In every instance, the screenshots in the memorandum and the complete web pages attached as exhibits to the declaration were captured by Mr. Hodas from the live version then available on the Internet on either November 4, 5, or 6, 2019 (the day of filing and the two days before). (*Id.*) These web pages were not outdated, and Defendants (and their counsel) would have known that if they had bothered to read the declaration, examine the exhibits, and compare them to Defendants' own websites **present at that time** on the Internet at the addresses given in the declaration. It is clear that Defendants' counsel did not conduct this minimal investigation.

**B.  CONTRARY TO DEFENDANTS' SWORN STATEMENTS, THE MOBILE VERSION OF THE NEWPORTWHALES.COM $16 LONG BEACH ADVERTISEMENT REMAINED NON-COMPLIANT AT THE TIME PLAINTIFFS' FILED THEIR REPLY**

While Defendants broadly (and falsely) accused essentially all of Plaintiffs' examples of being outdated and selected specifically to mislead the Court, their accusations focused in most detail on Plaintiffs' attack on the non-compliant **mobile** version of the Newport Whales $16 Long Beach whale watching advertisement.

In their Motion, Plaintiffs provided both a screenshot of, and (in the supporting declaration) a complete capture of the entire contents of, the mobile version of the advertisement located at `https://www.newportwhales.com/Long_Beach_Whale_Watching.html`. (Motion, Dkt # 330, at 9-10; Hodas Decl. ISO Motion, Dkt # 331, ¶ 11, Exh. F.) The captures showed that—as served to mobile devices—this advertisement had not been changed since the trial and was non-compliant. In particular, the version of that advertisement served to mobile devices still mentioned

Long Beach dozens of times, but did not contain the required "All Cruises Depart Newport Beach" language. Further, it contained an offer for a $16 ticket that did not explain, as required by the Injunction, that the offer was limited as to date and time. As Plaintiffs' counsel, Mr. Hodas, declared to under oath, he had personally captured the web page as presented in the Motion and as provided in Exhibit F to his declaration on November 4, 2019. This should have been no surprise to Defendants as this non-compliant advertisement was featured as part of the parties' meet and confer efforts.

As discussed above, in spite of this sworn statement and its accompanying complete capture of the entire webpage as an exhibit, Defendants claimed, in their Opposition, that "Plaintiffs' selective, incomplete, and undated screenshot of Defendants' $16 Whale Watching Special, accessible in mobile version, is an out-of-date screenshot." (Opp., Dkt #334, at 8:21-23.) They then stated:

> Defendants' main website has been updated in its entirety. The only difference between the desktop and mobile website is that the mobile website has been compressed to fit on a cellular telephone screen. (Thor Decl. ¶ 8(b)). Importantly, the content, language, images, and disclosures on both the desktop and mobile website formats are the same – they both list Defendants' Newport Beach location, include reference to a final ticket cost, and detail when an optional supplemental charge might apply. (Thor Decl. ¶ 8(b)). This is a moot issue and it is unclear why Plaintiffs are bringing the compliance of Defendants' mobile website to the Court's attention. Defendants welcome the Court to review Defendants' mobile website, accessible at www.newportwhales.com. (Thor Decl. ¶ 8, Ex. B).

(*Id.* at 8:23-9:5.) In relevant part, Mr. Brisbin's declaration read:

> 8.   I reviewed a copy of Plaintiffs' October 11, 2019, Meet and Confer Letter regarding their alleged belief that Defendants are intentionally violating the Permanent Injunction. Based on my review of this letter and Plaintiffs' contempt motion, it appears that despite Defendants' changes,

Plaintiffs take issue with approximately six (6) of Defendants' many websites and advertisings online, including the following websites and online advertising tools:

a) www.daveyslock.com/whale-watching/long-beach/ and www.newportwhales.com/Long_Beach_Whale_Watching.html ("Whale Watching Pages");

b) The mobile version of www.newportwhales.com, which is the same as the regular online version ("Newport Whales Page");

…

9. The following addresses each of the above issues alleged by Plaintiffs:

a) … The Whale Watching Pages that Plaintiffs' take issue with in their motion seeking a contempt order ("Motion") reflect all of these terms, as required under section 2(b) of the Permanent Injunction. This website also states at the very top that "All cruises depart from beautiful Newport Beach." A true and correct copy of one of Defendants' current Whale Watching Pages with the $16/$20 advertised pricing is attached hereto as Exhibit A, and for the Court's convenience a hyperlink to the actual website is located at: https://www.newportwhales.com/Long_Beach_Whale_Watching.html.

b) I am unsure of the date on which Plaintiffs located and printed a copy of what they submitted to this Court as Defendant's current Newport Whales Page. However, contrary to Plaintiffs' contentions in the Motion, this website contains language which I believe is in compliance with the Permanent Injunction. At the very top of this website, we included language stating "All Cruises Depart From Beautiful Newport Beach" and explaining that the costs of cruises vary by certain dates (weekend versus non-weekend) and times (peak hours versus non-peak

> hours). Both the mobile and desktop versions of this website are the same. The only difference between the two is that the mobile website is smaller to fit on a cellular telephone screen. Otherwise, the content, language, images, and disclosures on both pages is the same. A true and correct copy of this website is attached hereto as Exhibit B, and for the Court's convenience a hyperlink to the actual website is located at: http://www.newportwhales.com/.
>
> …

(Brisbin Decl. ISO Opp., Dkt # 334-5, ¶¶ 8-9.)

It is interesting to note that Mr. Brisbin apparently reviewed the meet and confer letter, but not the Motion for Contempt, which included the full capture of the mobile site in addition to the screenshot, and included a sworn statement as to the date of capture. It is also not clear why, in discussing the relationship between desktop and mobile versions of Defendants' web sites in paragraphs 8(b) and 9(b), he discusses the main Newport Whales web page but not the particular $16 Long Beach advertisement web page discussed in Plaintiffs' Motion. And, while he discusses that $16 advertisement in paragraphs 8(a) and 9(a), he attaches as an exhibit only the desktop page, not the mobile site at issue in the Motion (and included as an exhibit to Plaintiffs' supporting declaration).

Mr. Brisbin's claims, however, were unambiguous:

> Both the mobile and desktop versions of this website are the same. The only difference between the two is that the mobile website is smaller to fit on a cellular telephone screen. Otherwise, the content, language, images, and disclosures on both pages is the same.

(Brisbin Decl. ISO Opp., Dkt # 334-5, ¶¶ 8(b).) These statements were false. Either Mr. Brisbin had failed to bother to look at how the Long Beach $16 advertisement was actually being presented on mobile devices and just thought it had been changed, or he was lying and hoped the Court would simply take his word for it.

The depictions of that advertisement as presented on mobile devices provided with Plaintiffs' Motion were accurate as of the filing of the Motion. What's more, they remained accurate as of the date of the filing of Plaintiffs' Reply a week after Mr. Brisbin's declaration was filed alongside Defendants' Opposition. (Hodas Decl. ISO Reply, Dkt # 338, ¶ 2.)[2]

### IV. DEFENDANTS AND THEIR COUNSEL SHOULD BE SANCTIONED

The facts regarding the web advertisements at issue in Plaintiffs' Motion were easily verifiable. Nevertheless, Defendants' counsel chose not to make even the least effort to verify the facts even though the evidence presented directly contradicted their clients' self-serving assertions.

Rule 11 is designed to insure that lawyers carefully review the facts and evidence on which they build their cases. When counsel and the parties misstate the operative facts, either out of an intent to deceive the court or simply because of a failure to examine the facts, that is an unacceptable practice. There is no excuse for Defendants' and their counsel's misstatement of the facts related to the $16 advertisement. They were put on notice of it in the meet and confer, and they had the full evidence before them in the Motion.

Notably, within two days after Plaintiffs filed their Reply, the mobile version of the Newport Whales $16 Long Beach Whale Watching advertisement was finally

---

[2] In order to remove all doubt the Court might have had regarding these conflicting representations as to the status of the web page, in conjunction with their Reply, Plaintiffs also manually filed/lodged a video file, captured on November 19, 2019 (**after** the filing of Defendants' Opposition), showing, first, the then-current front page of the L.A. Times website including the date and headline, and then the then-current results of searching for "long beach whale watching" and choosing Defendants' $16 Long Beach whale watching offer page. (Hodas Decl. ISO Reply, Dkt # 338, ¶ 3, Exh. A; Notice of Manual Filing, Dkt # 339.)

updated to include the banner used on other updated pages. (Hodas Decl., ¶ 3.) Defendants had, apparently, finally been driven to actually check the site. They had obviously never bothered to do so before.

Enough is enough. Defendants cannot just say whatever they want out of expediency and, in the process, accuse Plaintiffs' counsel of trying to mislead the Court or, worse, outright perjury. The self-serving statements in Mr. Brisbin's declaration were in direct contradiction to the sworn statements by Plaintiffs' counsel as well as the exhibits attached to his declaration. In the face of such direct contradiction, before they repeated and expanded on Mr. Brisbin's statements in their Opposition—effectively accusing Plaintiffs' counsel of perjury—Defendants' counsel were required to conduct "an inquiry reasonable under the circumstances" to determine whether there was any evidentiary support for their assertions. It is clear that they made absolutely no such inquiry. This violation of Rule 11(b) is clearly sanctionable and should be sanctioned.

## V. CONCLUSION

As a result of Defendants' violations of Rule 11, Plaintiffs have been forced to expend additional efforts on the Motion and Reply. Indeed, if Defendants' counsel had conducted the appropriate investigation rather than simply taking their clients word for things in the face of clearly contradictory evidence, they would likely have taken the meet and confer process more seriously and might have obviated or diminished the need for Plaintiffs to pursue, and this Court to address, at least some portions of the Motion for Contempt.[3]

Defendants' and their counsel should, therefore, be sanctioned for their violations of Rule 11, including being required to pay Plaintiffs' costs in connection with their Motion for Contempt (including the costs of meeting and conferring) and

---

[3] Even with the changes made to the $16 advertisement after Plaintiffs' Reply was filed, there remains numerous non-compliant aspects of the Defendants' advertisements that require a contempt finding.

this Motion—and to whatever further extent and in whatever further manner this Court deems just and proper under the circumstances.

Respectfully Submitted:

DATED: December 30. 2019        **LEWIS BRISBOIS BISGAARD & SMITH LLP**
By:   /s/ Joshua S. Hodas
          Joshua S. Hodas
          Daniel C. Decarlo
          Thomas S. Kiddé
          Esther Y. Shim
          **Attorneys for Plaintiffs**

